# NELSON WEBSTER, HORATIO, WILLIAM J. and JAMES W. AVERILL, Appellants,

*vs.*

# JOSHUA STADDEN, Respondent.

### APPEAL FROM CIRCUIT COURT, ROCK COUNTY.

The attorneys stipulated that a printed case should be filed *as a return* of the clerk of the circuit court, and should constitute the record in the Supreme Court; there being no return of the clerk evidenced by the seal of the circuit court, and nothing to show that the circuit court had ever passed upon the questions raised in the printed 'case ; held that there was no record to review, and no judgment either to affirm or reverse.

Stipulations by attorneys may supply a defect, but they cannot supply an entire record of the court below, from the writ of the judgment inclusive.

In all cases of appeal or error, there must have been a proceeding in good faith—an adjudication in the inferior court, and its record sent up, to call for the action of this court.

The printed case referred to in the opinion of the court, disclosed the facts that the plaintiffs commenced suit against the defendant, before the Code, by filing declaration on the money counts, and giving a copy of the note signed by the defendant alone on which the action was founded, with a notice that the note would be read in evidence under it. To this the defendant pleaded the general issue. The case was tried by the circuit judge without a jury ; and upon the evidence the judge found the following as facts.

1. That the promissory note upon which this suit is brought was made and executed by the defendant in settlement of a bill of goods before that time sold and delivered to the defendant and one Richards, who at the time of the purchase of the goods were co-partners in trade at Beloit, under the style of Stadden & Richards.

2. That after the giving of said note, the plaintiffs brought

Vol. VIII.               15

suit against said Stadden & Richards in the county court of Rock county, to recover the amount of said bill of goods so sold and delivered as aforesaid. That in said suit the defendants appeared and put in the plea of the general issue which issue was tried by a jury. That upon said trial the respective attorneys made a stipulation in writing, in which the defendants admitted the sale and delivery to them of the bill of goods in question, and the plaintiff's · attorney admitted that the note in this suit declared on was given in full satisfaction, and was received by the plaintiffs as full payment for said bill of goods. That thereupon the plaintiffs' attorney produced in court the note in question and delivered it over to the defendants' counsel to be cancelled, and submitted his case to the jury, who found for the defendants.

3. That there was no other consideration for the written stipulation aforesaid than the mutual admissions therein contained. That the plaintiffs, were not present at that trial. That the note in question was produced and cancelled by their attorney without any special authority, and that said note has never been paid.

4. As a matter of law arising from the aforesaid facts, I find that the plaintiffs having elected to prosecute Stadden & Richards upon the original bill of goods, and to secure a recovery thereon having voluntarily delivered up and cancelled the note in question, and having submitted their cause to the jury in that suit, must now abide by their verdict, and consequently cannot recover in this action.

Judgment ordered for the defendant, July 13th, 1857.

J. M. KEEP, Circuit Judge.

Proper motions were made for a new trial, and overruled, and the plaintiffs excepted ; and appealed to this court.

*M. H. Carpenter*, for appellants.

*Todd & Rockwell*, for respondent.

*By the Court,* SMITH J.    We  have  no return of the clerk
here, of  the  proceedings  of  the  court below.    The whole
record here before us consists  of  a printed case, with the fol-
lowing  indorsement  on the cover, viz :  " We hereby stipulate
that this printed· case  shall  be  filed  *as a return* of  the clerk
of the circuit court  to  this appeal ; and  shall  constitute the
record in Supreme Court ;  and we hereby expressly waive all
objections to irregularities and  informalities  in  this  appeal.
January 1, 1859.

      (Signed)                    M. H.  CARPENTER,

                                       For appellant.

   " By this  stipulation  we  wish  to  be  understood  that the
*record* is simply supplied by the filing of the case.

      (Signed)                    TODD  &  ROCKWELL."

   There is  no  return  of  the  clerk of  the  circuit  court  evi-
denced by the seal of that  court; nothing  which  authorizes
us to believe that the circuit court ever passed upon the ques-
tions raised in the printed case.    In  short  there  is  no record
here to review ;  no  judgment either to affirm or reverse.

   Upon  such  a  record, or  return  to  an  appeal  or  writ of
error, how  could  this  court pronounce judgment of affirm-
ance  or  reversal ?    Our  opinion  might be elicited, it is true,
but it might be flouted back  in  the  face of this court with the
remark not inappropriate, that  we  had  assumed to affirm or
reverse a  judgment which  had  never been considered or ren-
dered  by  the  court from  which the appeal purports to have
been taken, and that there was no  record  in the circuit court
upon which our  judgment could operate.

   In  some  respects, the  stipulation of parties or their  attor-
neys may  supply a  defect  in  the  record.    But we are  not
advised that the stipulation of parties or attorneys can " sup-
ply"  a  whole  record, process  and  the  service thereof, seal,

authentication, judgment; all and everything coming from the printer and not the clerk. Besides, the qualification of the stipulation signed by Messrs. Todd and Rockwell is vague, incomplete and altogether inadequate, even if a record could be supplied by stipulation.

This court is one of appellate, and not of original jurisdiction. In all ordinary cases, all cases of appeal or error, there must have been a proceeding, in good faith, an adjudication in an inferior court. This inferior court must have passed upon the case, and must send up a record of its proceedings. It is not for parties to stipulate that the court below would have decided thus and so, provided the case had been brought before such court and upon the hypothesis of such decision invoke the opinion of the members of the court.

Such practice cannot be tolerated. In this case, however, we have no hestitation in expressing our opinion that the plaintiffs cannot recover, upon the *stipulated* finding of the facts disclosed by this printed statement.