McFarland v. Butler.

# JAMES. C. McFARLAND

*v.*

# WM. E. BUTLER.

If the return of a justice of the peace, on appeal, does not contain an affidavit for appeal, the presumption is, that no such affidavit was filed with the justice, and therefore the District Court never acquired jurisdiction.

This action was commenced before a justice of the peace in Scott county, and judgment therein was rendered in favor of plaintiff. At the instance of the defendant, on payment of the costs, an appeal to the District Court of that county was allowed by the justice, and his return made to that court; which return does not show that any affidavit for such appeal had been made or filed. In the District Court plaintiff filed a supplemental complaint, to which defendant demurred. The court overruled the demurrer, and the defendant appealed from the order overruling the same to the Supreme Court, and said order was there reversed. In the Justice and District Courts, one John L. McDonald appeared, and was attorney of record for the defendant. In the latter court, A. R. Capehart, Esq., was associated with him, and took sole charge of the case in the Supreme Court as defendant's attorney, and was recognized as such by plaintiff, but no notice of substitution was served on plaintiff's attorney. Plaintiff procured a mandate from the Supreme Court, remanding said action to said District Court, and caused it to be placed upon the calendar; when the cause was reached, the plaintiff, without previous notice to the defendant, moved the court that the appeal from the judgment of the justice be dismissed, on the ground that it did not appear from the return of said justice, that any affidavit, stating that the appeal was made in good faith, and not for the purpose of delay, had been filed. McDonald was present and assented to such disposition of the case, and the motion was granted; from the order granting the same, the defendant appeals to this court.

A. R. CAPEHART, for appellant.

McFarland v. Butler.

I. The appellant was entitled to written notice of all proceedings in the action. Sec. 21, Pub. Stat. p. 627 ; Sec. 26, Pub. Stat. p. 628.

II. Respondent should have paid the judgment against him before he moved in the action. 6 Minn. 53.

III. The ground on which the motion to dismiss was granted, does not authorize it.

1. The statute does not require the justice's docket to show that any affidavit was made. Sec. 7, Subdv. 9, Pub. Stat. p. 498, 499.

2. On an appeal being made, the party appealing is required to make, execute and file certain papers, but the justice's return is not required to show that these acts were done, but merely the fact or legal effect. Sec. 136 and 137, Pub. Stat. p. 517.

3. The return in this case shows that the justice had done all that the statute required to appear from the return. See folios 5, 6, 7, 8 and 9, of paper book.

4. When the return is filed with the clerk, the District Court becomes possessed of the action, and the justice loses jurisdiction. Sec. 139, Pub. Stat. p. 517.

5. If the return has not been made, or is defective, or any paper is mislaid, ample provision is made by statute for securing to the appellant his rights. Secs. 142, 143, 144, 145, Pub. Stat. p. 518.

IV. The District Court having general jurisdiction, this action could have been brought there in the first instance, and when respondent filed a new complaint without leave of court, and appellant appeared and pleaded thereto, the action became *lis pendens* in the District Court, and did not depend upon the anterior proceedings of the justice's court for its status therein. Sec. 140, Pub. Stat. p. 518; 6 Minn. 110.

A. G. Chatfield, for respondent.

The only error alleged, is want of notice to him of the respondent's application for the mandate, and want of notice of trial or motion to dismiss in the district court.

This allegation of error is not well founded in the law, or in the course of practice prescribed by the statute for cases of appeal from justices' courts.

1. In such case it is the business and duty of the appellant to prosecute his appeal with diligence. The statute requires him to have his appeal entered in the district court early in the next term after it is taken. Compiled Statutes, 518, Sec. (141.)

No notice of trial is required in such cases, but upon being entered, the case goes upon the calendar, of course. Ib. Sec. (146.)

A case once upon the calendar remains there "until finally disposed of," and no subsequent notice of trial or note of issue is necessary. Ib. 558, Sec. 8.

The case being on the calendar, a motion to dispose of it for want of jurisdiction was in order, and might be regularly made and entertained when the case was called in its order.

2. The appeal to and determination of the Supreme Court, did not change the *status* of the case in the district court. The position of the case was such that it must go back to the district court for final judgment, however the Supreme Court should decide. The Supreme Court could not "finally dispose of" the case.

When the Supreme Court by its mandate sent the case back to the District Court, it went upon the calendar of course, or rather resumed its place on the calendar without any note of issue or notice of trial to or from either party. Upon the filing of the manda tein the District Court the clerk was in duty bound to put the case on the calendar again. It had not been "finally disposed of."

3. As soon as the Supreme Court had made its order in the appeal, either party had the right to take the mandate and

McFarland v. Butler.

file it in the District Court. It was a process which, like an execution, issues of course and without notice. Perhaps the clerk of the Supreme Court might properly refuse to issue it until his fees should be paid, but that is his and not the adverse party's business.

6. The cause of dismissal assigned in the order was and is ample and conclusive. The record failed to show any affidavit for the appeal; without such affidavit the district court never acquired jurisdiction of the case and the absence of the affidavit or some note of it and its substance from the record, constitutes a fatal objection to the jurisdiction of the District Court. This court will not restore to the District Court a case of which it never had jurisdiction, but will leave the party to his motion in the District Court, for a proper order upon the justice to return the affidavit, or answer whether or not one was ever made.

The appearance of the respondent in the District Court, and filing there a supplemental complaint, does not waive this objection to the jurisdiction. The District Court has jurisdiction of the case *by the appeal,* or not at all. It is not like a voluntary appearance in the District Court, or like a case of an appearance and answer after defective process, or defective service of process. The respondent is plaintiff, and as such cannot be forced into an appellate court except by a strict compliance with the provisions of the statute defining the course to be taken to bring the appellate jurisdiction to bear upon the *case* as well as the *parties.*

The order dismissing the appeal from the justice ought to be affirmed.

*By the Court*—Berry, J.—This action was originally commenced before a justice of the peace, from whose judgment an appeal was attempted to be taken to the District Court. One John L. McDonald appeared as attorney for the defendant, (now appellant,) both before the justice and in the District

court, and was so recorded. In the latter court, A. R. Cape-hart was associated with him as attorney, and took charge of the case in the Supreme Court, where it was carried by appeal. No written notice of the substitution of Capehart as attorney in place of McDonald, was given to the respondent.

Our statute on this subject is imperative. By section 14, page 667, Pub. Stat., it is provided that until written notice of substitution is given, the adverse party " is bound to recognize the former attorney." At the time when the motion to dismiss the appeal was made in the district court and granted, the case was in fact on the calendar. McDonald was present, and made no objection, but on the contrary, assented to that disposition of the action. Even if the appellant was entitled, as is contended, to notice of the motion to dismiss, that right was certainly waived by McDonald if he was his attorney. We perceive no reason why he should not be so regarded, for assuming that by an entry upon the minutes, or by a recognition of Capehart as sole attorney, the adverse party might waive his right to written notice of substitution, the affidavits on which the motion to set aside the order of dismissal was based, do not establish either state of facts. The continuance of McDonald's connection with the case is perfectly consistent with Capehart's association with him in the district court, and with Capehart's sole charge of the action in the Supreme Court.

On the merits, we think, the order of dismissal was correct. Sec. 136, page 517, Pub. Stat., provides that no appeal shall be allowed unless " an affidavit shall be filed with the justice, &c." Sec. 139, same page, requires the justice to return to the district court, " all the process and other papers relating to the suit and filed with the justice, &c." This makes it clearly the duty of the justice to include the affidavit for an appeal in his return. If, then, no affidavit appears in his return, the presumption is that none was filed, and therefore that the district court never acquired jurisdiction. Of course

an amended return may be compelled under the statute. We do not deem it necessary to dwell upon the other points raised on the argument.

The order of the District Court is affirmed.