## CLARK VS. THE FOX & WISCONSIN IMPROVEMENT COMPANY and others.

*Practice—Discontinuance for non-payment of state tax, and failure to file summons— Appeal dismissed for want of notice.*

1. A cause *held* to have been properly dismissed on defendant's motion, for non-payment of the state tax, and failure to file the summons within the time prescribed by the statute.
2. An appeal dismissed as to parties on whom no notice of appeal was served.

APPEAL from the Circuit Court for *Winnebago* County.

There was a judgment of discontinuance in this cause as to all the defendants, on the motion of the attorney for several of them; and the plaintiff appealed.

*C. Coolbaugh*, for appellant.

*Moses Hooper*, for respondents.

COLE, J. There can be no doubt but this action was rightly dismissed as to those defendants represented by Mr. Hooper. It appears that he, in behalf of his clients, filed a demurrer to the complaint on the 18th day of March, and that this was the last pleading in the cause. Subsequently he served upon the plaintiff's attorney notice of a motion which he should make on behalf of the defendants whom he represented, at the next term of court, for judgment of discontinuance as to said defendants, because the summons had not been filed with the clerk of the court, and because the state tax had not been paid. Upon the hearing of this motion, on the 22d of July, the court made a conditional order, dismissing the complaint as to those defendants, but providing that the plaintiff have leave to proceed in the action upon payment of the state tax and five dollars costs of motion forthwith. This order not being complied with, Mr. Hooper gave further notice of a motion for judgment of discontinuance because the provisional order had not been complied with. And upon the hearing of this latter motion, the action was dismissed on the 29th of September, not only as to the defendants represented by Mr. Hooper, but as to other defendants who had not moved to dismiss.

We have already stated that the court was unquestionably right in dismissing the cause as to the defendants represented by Mr. Hooper. Chapter 58, Laws of 1862, clearly provides that the court may, upon motion of the adverse party, dismiss the action, providing the state tax is not paid and the summons is not filed within ten days after the service of an answer or demurrer. This law imposes upon the plaintiff the duty of

paying the state tax and filing the summons within the time therein specified, upon peril of having the suit dismissed. It is a reasonable provision, and can be very easily complied with.

The counsel for the appellant states on his brief, that there was some verbal arrangement or written stipulation that this cause was not to be moved until some other involving similar legal questions was disposed of. There is no evidence in this record that any such stipulation was made or arrangement entered into. Considering the various notices given by Mr. Hooper to the counsel of the plaintiff, it is impossible to say that he could have been taken by surprise upon the court rendering a judgment of discontinuance. But it is said, the court erred in dismissing the action as to the defendants who did not move to dismiss. Possibly this may be so, but the plaintiff has taken no appeal as to them. The record shows that he only served notice of appeal and a copy of the undertaking upon Mr. Hooper. The appeal, therefore, can be held good only as to those defendants represented by him. And not having been perfected as to the other defendants, the appeal must be dismissed.

*By the Court.*—The judgment of discontinuance is affirmed as to those defendants upon whom notice of appeal was served, and the appeal is dismissed as to those defendants upon whom no notice of appeal was served.