E. A. LARRABEE et al.

*vs.*

MOSES MORRISON.

The notice of appeal from a justice's judgment required by *Subdiv. 3 of Sec.* 104, *Ch.* 65, *Gen. Stat.*, is a written notice, and must be signed by the appellant, his agent, or attorney. The service of such notice is essential to the jurisdiction of the justice to allow an appeal, and cannot be waived by the parties.

An admission of service endorsed on a notice of appeal which is void for want of a signature, does not estop the party making the admission from taking advantage of the defective notice.

Where in the return to an appeal, the transcript of the justice's docket states that a notice of appeal was served and filed, and the paper returned by the justice shows that the notice of appeal served and filed is void, the statement in the transcript is qualified and explained by the paper returned as the notice, and the return shows a want of jurisdiction to allow the appeal.

The plaintiffs recovered judgment against the defendant before a justice of the peace. The defendant appealed to the district court for McLeod county. The copy of the justice's docket returned to the district court contained, among other things, the following : "Notice of appeal served upon plaintiffs' counsel and admitted by him. " Among the papers filed by the justice in the district court was a notice of appeal, in proper form, but not signed by any one; it was indorsed : "Due service of the within notice is hereby admitted," &c., which indorsement was signed by plaintiffs' attorney. In the district court the plaintiffs made a motion to dismiss the appeal, on the ground that the notice of ap-

Larrabee et al v. Morrison.

peal was not signed by the appellant, his agent, or attorney, which was granted. Defendant appeals to this court from the order granting the same.

J. C. EDSON for Appellant.

A. P. FITCH for Respondents.

*By the Court.*—McMILLAN, J.—This action was commenced in a justice's court, and the defendant appealed to the district court from the justice's judgment. The district court dismissed the appeal, on the ground that the notice of appeal from the judgment of the justice, was not signed by the appellant, his agent or attorney. The defendant appeals to this court from the order dismissing the appeal.

Under the statute regulating appeals in courts of justices of the peace, the service of the notice prescribed in *Subdiv. 3 of Sec.* 104, *Chap.* 65, *Gen. Stat., p.* 435, is a proceeding essential to the jurisdiction of the justice to allow an appeal. *McFarland vs. Butler,* 11 *Minn.,* 72.

The terms of the subdivision referred to, do not permit us to doubt that the notice required is a written notice, and that it must be signed by the appellant, his agent, or attorney. As the service of this notice is a jurisdictional proceeding, it cannot be waived by the parties, *Eddy vs. Case,* 6 *Cush.,* 28. The plaintiff, therefore, is not estopped by his admission of service from taking advantage of this objection to the jurisdiction, whatever the effect of such admission might be, if the defect were only an irregularity.

On the allowance of the appeal, the justice is required to file, * * a transcript of all the entries made in his docket, together with all the process and other papers relating to the action, and filed with the justice. *Gen. Stat., Ch.* 65, § 106, *p.* 435.

The transcript and "process and other papers," constitute the return to the appeal, and in construing the return, all its parts must be considered. In this case the statement in the transcript of the justice's docket contained in the return is qualified and explained by the paper returned as the notice of appeal filed, and taking the entire return, it shows a notice and admission of service which are void, and insufficient to confer jurisdiction to allow the appeal. *McFarland vs. Butler ante.*

The order dismissing the appeal is affirmed.