Godley et al. *v.* Pugh.

JOHN GODLEY ET AL., DIRECTORS OF THE CINCINNATI, HAR-
RISON AND INDIANAPOLIS STRAIGHT-LINE RAILROAD COM-
PANY, *v.* WILLIAM H. PUGH.

Where the directors of a railroad company, in pursuance of the statute
(S. & S. 243), applied to the court for a decree dissolving the corporation,
on the ground that the object of its creation had wholly failed or
become impracticable, and it appeared to the court that the corporation
had no property liable to execution for payment of the costs of the
proceeding: *Held,* that it was not error in the court to order that the
directors should pay said cost, and that in default of such payment
execution should issue against them therefor.

ERROR to the Superior Court of Cincinnati.

The plaintiffs made application to the superior court, in
pursuance of the provisions of the act of April 15, 1867
(S. & S. 243), for a decree dissolving the corporation, on the
alleged ground that the objects of the corporation had
wholly failed, and their accomplishment become impracti-
cable, and obtained a decree of the court accordingly. The
proceedings were *ex parte,* no stockholders or others being
made parties defendant, and during their pendency the
cause was referred to the defendant in error, as special
master, to make report of certain matters involved; and it
appearing, by return of the sheriff upon an execution
issued against the corporation, that it had no property
liable to execution for the payment of the defendant's fees
as such master, it was ordered by the court that the
plaintiffs should pay the same, and that, in default of pay-
ment, execution should issue therefor against them. This
order it is alleged was erroneous, and leave is asked to file
a petition in error to reverse the same.

*Hoadly, Johnson & Colston,* for the motion.
*Wm. Disney,* contra.

BY THE COURT. We see no error in the order. The

directors were bound to pay the costs by themselves incurred, as there was no other source from which they could be made. Before instituting the proceeding they should have seen that there was a fund for payment of costs, if they did not expect to pay them out of their own pockets. Whether they can reimburse themselves, by recourse upon the stockholders, or otherwise, is a matter with which we now have no concern. This is not a case where judgment for costs was *recovered* against trustees. They were merely ordered to pay their own costs. They were bound to pay the master, equally as they were bound to pay their attorney in the case.

*Motion overruled.*