Eaton vs. The Supervisors of Manitowoc County.

EATON vs. THE SUPERVISORS OF MANITOWOO COUNTY.

NOTICE OF APPEAL. *(1) When it must be signed. (2) What record must show as to service.*

1. A notice which the statute requires to be *in writing*, is insufficient where it is *not signed* by the appellant, nor by any one for him, and the record fails to show that it was served by him in person.
2. It is necessary to jurisdiction in this court of an appeal, that the record sent here should show notice of appeal served both upon the respondent and the clerk of the court below, as well as the filing of an undertaking, such as the statute requires, where that is not waived. *Moyer v. Strahl*, 10 Wis., 83, not applicable to the present statute; and *Grant v. C. M. L. I. Co.*, 28 id., 387, distinguished.

APPEAL from the Circuit Court for *Manitowoc* County. A brief was filed by *R. P. Eaton*, plaintiff and appellant, in his own behalf, and one by *Nash & Schmitz*, for the respondent.

RYAN, C. J. The notice of appeal in this case is not signed by the appellant or any one for him. Sec. 3 of ch. 264 of 1860 requires an appeal to be made by service of notice in writing; not specifying, but certainly implying, that the notice should be signed by or for the appellant. We are not prepared to say that, when a written notice is required to be given by a party under a statute or rule not expressly direct-

ing it to be signed, and when the party himself serves the notice unsigned, the absence of signature may not be cured by the service in person. In this case, however, the record does not disclose by whom the notice of appeal was served. *Non constat* by the record who gave the notice.

The same section of the statute requires the appeal to be made by service of the notice on the adverse party and on the clerk of the court below. The notice of appeal in the record of this case is directed to and served on the clerk of the court below only. There is nothing in the record importing any notice to the respondent.

Sec. 4 of the statute declares that an appeal is perfected upon service of the notice and of the undertaking, unless the undertaking be waived under sec. 21. And sec. 5 provides that upon the appeal's being so perfected, the clerk of the court below shall transmit it to this court. So that it is upon the perfecting of the appeal below, that is, upon the filing of the notice and of the undertaking, that the jurisdiction of this court rests to entertain the appeal when it comes here. And the court cannot look *dehors* the record returned for its jurisdiction. *Webster v. Stadden*, 8 Wis., 225.

Service of notice of appeal below, apparent in the return to the appeal here, has therefore been frequently held necessary to the jurisdiction of the appeal in this court. *Clark v. F. & W. I. Co.*, 20 Wis., 421; *Grant v. C. M. L. I. Co.*, 28 id., 387; *Yates v. Shepardson*, 37 id., 315. *Moyer v. Strahl*, 10 id., 83, went upon another statute, and so far as it might have any application to appeals under the present statute, must be considered overruled.

And the jurisdictional service of notice of appeal must be upon both respondent and clerk; otherwise, it is not the notice which the statute requires to put in motion the appellate power of this court. This was expressly held in *Yates v. Shepardson*, *supra*, where the appeal was dismissed for want of notice to the clerk only.

It is true that in several cases, as in *Grant v. C. M. L. I. Co., supra,* the court has allowed appellants to perfect their undertakings, after appeal perfected and returned to this court. But in all such cases the statute appears to have been complied with, at the time of appeal, by filing an undertaking as required; and we are aware of no case in which an appeal has been sustained, under the statute of 1860, in which the record disclosed a failure, at the time of appealing, to comply with the statute, either in the notice or in the undertaking.

The ingenuity displayed in making appeals and returns to appeals defective is surprising, as we know at great expense of time. And it has become our duty to insist upon a rigid compliance with the statute, very generally simple and easy.

*By the Court.* — Appeal dismissed.