GREEN v. RONEN.

1. **Practice in Supreme Court:** REHEARING ON PETITION ONLY. After the court has examined the record in a cause, and filed an opinion dismissing the appeal on the ground of defects in the record, it is not competent for the appellant, without obtaining a rehearing, to simply ignore the former decision, and bring the case again before the court upon a corrected record.

*Appeal from Jones District Court.*

FRIDAY, OCTOBER 19.

THE facts are stated in the opinion.

*Remley & Ercanbrack*, and *Sheean & McCarn*, for appellant.

*Ezra Keeler*, for appellee.

DAY, CH. J.—The decision in this cause was rendered, in the court below, on the 14th day of October, 1881. On the 30th day of January, 1882, notice of appeal was served to the April, 1882, term at Dubuque.

The cause was submitted at the said term, and on the 15th day of June, 1882, an opinion was filed dismissing the appeal. See 59 Iowa, 83. At the April, 1883, term, at Dubuque, the cause again appeared on the docket, and it was continued to the June term. No new notice of appeal was filed. Some additions seem to have been made to the original abstract, and, with a pen, the date is changed from the April term, 1882, to April term, 1883.

The appellee filed an amended abstract setting forth the foregoing facts, not otherwise appearing in the record, and submitted with the case a motion, supported by affidavit, to strike the case from the docket, upon the ground that the matter had once been determined. This motion, we think, must be sustained. After the court has examined the record in a cause and filed an opinion dismissing the appeal on the ground of defects in the record, it is not competent for the appellant, without obtaining a rehearing of the former decision, to simply ignore it, and bring the case again before us upon a corrected record. The appellant submits a motion to strike the amended abstract of appellee from the files, because not served within the time required by the rules of court. It was, however, served thirty days before the cause was submitted, and no prejudice could have resulted to appellant from the delay. The appellant also moves to strike from the files the affidavits accompanying appellee's motion, for the reason that the motion was virtually ruled upon at the April term, 1883, at Dubuque. That ruling, however, was only *pro forma,* and to the end that the court might examine the question more carefully upon final submission. The appellant's motion is overruled. The motion of appellee to strike the cause from the docket is

SUSTAINED.