ALEX P. DOERR, by His Next Friend, JOHN A. ROWAN, v. THE SOUTHWESTERN MUTUAL LIFE ASSOCIATION, Appellant.

Practice in Supreme Court: SIGNATURE TO NOTICE OF APPEAL: 1 JURISDICTION. A notice advising of appeal which has no signature except the descriptive words "Attorney for the Defendant," is no 2 notice.

SAME. Acceptance of service will not cure such a jurisdictional defect; 4 nor a contest upon the merits.

AMENDMENT TO ABSTRACT. Such amendment will not be stricken for 5 being filed out of time where the only prejudice resulting is, that had it been filed sooner, appellant would have served new notice of appeal.

3 Practice: AGREEMENT BETWEEN COUNSEL that an abstract shall be "an agreed abstract" can not be established by affidavits of counsel.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

WEDNESDAY, OCTOBER 10, 1894.

ACTION upon a policy of insurance issued by defendant company upon the life of John Doerr. The district court sustained a demurrer to defendant's answer, and, defendant electing to stand upon its answer, judgment was rendered against it, and it attempted to appeal.—*Dismissed.*

*Binford & Snelling* for appellant.

*E. M. Warner* and *Detwiler & Doran* for appellee.

DEEMER, J.—We are confronted with a motion to dismiss the appeal in this case, for the reason that no notice was served upon the appellee or his attorney, as required by McClain's Code, section 4407. The following is a copy of the paper which is denominated a "notice of appeal:"

"In the District Court of Iowa in and for Muscatine County.

"Alex. P. Doerr, by his friend, John A. Rowan, Plaintiff,
            *v.*
"The Southwestern Mutual Life Association, Defendant.

"NOTICE OF APPEAL.

"To the above named plaintiff, or to E. M. Warner and Detwiler & Doran, his attorneys, and to W. H. Hughes, clerk of said court:

"You are hereby notified that the defendant in said action has appealed from the judgment and order of the court sustaining the demurrer of plaintiff to the affirmative defense of the defendant, rendered in favor of the plaintiff at the January term thereof, on March

4, 1893, to the supreme court of Iowa, and that said appeal will come on for hearing and trial in said court, at the May term thereof, to be held at Des Moines, commencing on the ninth day of May, A. D. 1893.

"Dated, March 7, 1893.

"Attorneys for the Defendant."

It will be noticed that this paper is not signed by any person, and bears simply the descriptive words, in print, "Attorneys for the Defendant." The point is made that this notice is not sufficient to bring the case into the court. Service of notice of appeal upon the adverse party, or his attorney, and upon the clerk of the district court, is essential to give this court jurisdiction. *Lewis v. Miller*, 4 G. Greene, 95; *Phillips v. Follet*, 69 Iowa, 39, 28 N. W. Rep. 425. Section 3178 of the Code provides: "An appeal is taken by the service of notice in writing on the adverse party, his agent, or an attorney who appeared for him, in the case in the court below, and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part." It is insisted by attorneys for defendant that this section does not require the notice to be signed; that, at most, the notice is defective; and that, as the plaintiff has appeared in response thereto, and argued the case on the merits, he has waived the defects, if any, in the notice. While the statute does not, in terms, require the notice to be signed, yet we think this is essential to its validity. It must purport to emanate from some one, in order that the adverse party may be advised that it comes from a proper source. To be binding upon the appellant, it ought to be subscribed, either by himself, or some one authorized to act for him. Without such attestation the document is, in effect, no more than a blank piece of paper. It is not a case of defective notice, but of no notice. Wade, Notice, section 1209; *Larrabee v. Mor-*

*rison*, 15 Minn. 196 (Gil. 151); *Eaton v. Manitowoc Co.*, 42 Wis. 317. The plaintiff, through his attorneys, accepted service of the paper upon him, and it is urged that he is now estopped from taking advantage of the objection. If the defect was a mere irregularity, there would be much force in this position; but, as the notice is jurisdictional, and can not, as we shall hereafter show, be waived by the parties, the contention is without merit. *Larrabee v. Morrison, supra.*

It is also claimed by defendant, and it supports its contention by affidavit, that the abstract which states that notice of appeal was duly served was an agreed abstract, and that plaintiff can not be now heard to object to the notice. The defendant's abstract does not purport to be agreed to by plaintiff or his attorneys, and the agreement, if any, is attempted to be shown by the affidavits of one of the defendant's attorneys. An agreement between attorneys can not be established in this way (Code, section 213); hence there is no force in this position.

It is further contended that, as plaintiff appeared in response to the paper, filed his arguments on the merits, and did not object to the jurisdiction of the court until after the time had expired, in which defendant might have served a proper notice, he is not in position to complain of the want of notice. We have already seen that the plaintiff did not waive the defect in the alleged notice by his acceptance of service thereof, that he did not agree to the statement in the abstract, that an appeal had been taken, and that notice of appeal is essential to give this court jurisdiction. It is also well settled that the parties can not, by consent, present their cases to this court without taking the necessary steps to confer jurisdiction. *Plummer v. Bank*, 73 Iowa, 752, 33 N. W. Rep. 150; *Whitton v. Fuller*, 77 Iowa, 599, 42 N. W. Rep. 500; *State v. Clossner*, 84 Iowa, 401, 51 N. W. Rep. 16; *First*

*Nat. Bank v. City Council*, 86 Iowa, 28, 52 N. W. Rep. 333. Plaintiff's amended abstract, showing want of notice, was not served upon defendant within ten days after receiving the abstract prepared by defendants, as required by our rules (section 19); but it was served, with his argument and motion to dismiss, on September 13, 1893, in ample time for the January, 1894, term of this court, and for the May term, at which the case was submitted. We have repeatedly held that an amended abstract, so filed, will not be stricken from the files, if it works no prejudice to appellant. *Green v. Ronen*, 62 Iowa, 89, 17 N. W. Rep. 180; *Palo Alto Co. v. Harrison*, 68 Iowa, 81, 26 N. W. Rep. 16; *Scholl v. Bradstreet Co.*, 85 Iowa, 551, 52 N. W. Rep. 500. The only prejudice which the defendant suffered by the delay of the plaintiff in filing the amended abstract questioning the jurisdiction of the court lies in the fact that, if the want of notice had been called to his attention within the time allowed for the taking of an appeal, he might have served a new notice, which would have given this court jurisdiction. We do not understand that this is the purpose in requiring abstracts and arguments to be filed within limited periods. The object is to see that no unfair advantage is taken by either party of the other in the matter and manner of the submission of the case to this court; that the record, as in fact made, may be properly and orderly presented, and not to enable either side to correct or cure omissions, which go to the jurisdiction of this court, in the court below. As much as we dislike to dispose of cases otherwise than on their merits, we can not assume jurisdiction of them, even by consent of parties, unless the necessary steps have been taken to present their case to this court. The appeal is DISMISSED.