### BROWN v. WALLACE.

1. NOTICE OF APPEAL IN JOURNAL ENTRY NOT SUFFICIENT.

A notice of an intention to appeal, by a trustee as such, incorporated in the journal entry is not a sufficient compliance with the requirements of Sec. 6408, Rev. Stat., which provides for written notice to the court of such intention.

2. APPEAL MUST BE INVOKED AS PRESCRIBED.

An appeal must be invoked in the manner prescribed by statute, and the burden is on the party desiring to appeal to take the initiative, perform the act or take the step necessary to secure the right of appeal.

3. SECTION 4948, REV. Stat., DOES NOT AUTHORIZE DEPARTURE.

Section 4948, Rev. Stat., commands a liberal construction of our civil code, but the right of appeal is based solely on statutory grounds and the courts can dispense with no condition prescribed by the statute as necessary to perfect it.

4. PRACTICE MUST BE SETTLED THOUGH IT WORKS HARDSHIPS.

The courts will not let an erroneous practice set aside the plain letter of the law, notwithstanding it may frequently work apparent hardships. Cases settling questions of practice must frequently have that effect, but the establishment of a general practice must prevail.

*F. W. Browne*, for plaintiff in error.

*Charles B. Wilby*, for defendant in error.

HEARD ON ERROR.

JELKE, J. :

Two weeks ago this court, announcing its opinion, through Judge Swing, in the case In re estate of George Burrows, deceased, held that, Sec. 5934, Rev. Stat., in case of the refusal to admit a will to probate, the following notice of intention to appeal, "Now comes the said Francis

and gives notice of his intention to appeal from this decision to the court of common pleas, " incorporated in the journal entry in the probate court denying the application, was not a sufficient compliance with the requirements of this section of the statutes, which provides, " Any person aggrieved thereby may appeal from such decision to the next term of the court of common pleas by filing notice of his intention to appeal within ten days.

At that time a majority of the court, Judge Giffen dissenting, felt that the case of Willis, Jr., Admr. v. Willis, decided by the second circuit at the May Term, 1895, 10 Circ. Dec., 798, (20 R., 664), and affirmed by the Supreme Court without report, in 57 Ohio St., 668, was controlling upon us.

That case arose under Sec. 6408, Rev. Stat., which provides, in the case of an appeal by a trustee in his trust capacity, " He shall not be required to give bond, but shall be allowed the appeal by giving written notice to the court of his intention to appeal within the time limited for giving bond."

We held, In re estate of George Burrows, that the requirement of Sec. 5934, Rev. Stat., was stricter than the requirement of Sec. 6408, Rev. Stat., and that if the Supreme Court held that the notice in the journal entry would not do under Sec. 6408, *a fortiori*, such notice would not do under Sec. 5934, Rev. Stat.

Section 6408, Rev. Stat., required a " giving; " Sec. 5934, Rev. Stat., required a particular kind of giving— a "filing."

At that time Judge Swing said that independent of authority and on principle, he thought the decision was right. Judge Giffen, not being in sympathy with the opinion in Willis, refused to recognize that case as controlling upon him beyond the specific section of the statutes therein involved, viz., Sec. 6408, and would not extend its force to Sec. 5934.

In the two cases now before us the same question is raised, but this time clearly under Sec. 6408, Rev. Stat., and the court is now unanimous that a notice of intention to appeal incorporated in the journal entry is not a sufficient compliance with the requirements of this section of the statutes. The notices in the cases at bar being couched in the following language:

" And thereupon the said F. W. Browne, as such assignee of the Ervin Lime Company, gives notice of his intention to appeal this cause, and the court find that the said assignee, F. W. Browne, has given bond in this court as such assignee, and is entitled to such appeal without giving bond."

It would be enough to rest our decision upon the case of Willis v. Willis, but we do not feel limited to this, for on reflection, a majority of us are of opinion that the case was correctly decided on principle.

The case of Hirsh v. Kilsheimer, decided by this court and reported in 5 Circ. Dec., 551 (12 R., 291), has been called to our attention, and it is perhaps well here to correct a wrong impression in regard to that case. Section 6408, Rev. Stat., although mentioned, was not involved in that case. A careful reading of this case will show, and furthermore we have ascertained from counsel engaged on both sides of the case, that the case of Hirsh v. Kilsheimer never was in the probate court, but involved clearly and only an appeal from the common pleas to the circuit court under Sec. 5227, which provides : " A party desiring to appeal his cause to the circuit court, shall within three days after the judgment or order is entered, *enter on the records* notice of such intention."

Brown v. Wallace.

Counsel for plaintiff in error has ably argued that such a conclusion as we have reached would be retroactive and be a violation of rights vested and acquired under a long established practice under the law and at this bar.

We do not find this to be the fact. On the contrary, we believe the prevailing practice under Sec. 6408, Rev. Stat., has been to give a separate written notice signed by counsel or the party desiring an appeal.

Even if this were so it would not do to let an erroneous practice set aside the plain letter of the law.

The court, in Willis v. Willis, 10 Circ. Dec., 798 (20 R., on page 665) say: "The object of that provision of the statute being to fix with certainty the liability of the administrator upon his bond in that behalf."

In proper theory, parties have nothing, whatever, to do with the journal entry. That is the act and business of the court. On the other hand, the burden is peculiarly on a party desiring an appeal to take the initiative, perform the act, or take the step necessary to secure his right to an appeal. An appeal is not thrust upon a party. It comes purely as a matter of grace which must be invoked in the prescribed manner. "An appeal does not exist in the nature of things," and as Welch, C. J. said in Dennison and Neil, Exrs. v. Talmage, 29 Ohio St., 433, 435: "The right of appeal rests solely upon statutory provisions, and unless those provisions are complied with, the right cannot be made available."

It has been urged that such a ruling as we have made would not be in harmony with the spirit of Sec. 4948, Rev. Stat., which commands a liberal construction of the provisions of the civil code. The Supreme Court, per Bradbury, J., in Collins, Exr., v. Millen, 57 Ohio St., 290, 291, [48 N. E. Rep. 1097], has said:

"The right of appeal is statutory, and we must look to the statutes to ascertain if it has been lawfully exercised. The party who seeks to exercise this right, must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment. The right, doubtless, is remedial in its nature; it is a proceeding in a civil action, given by our code of civil procedure, and falls within the letter and spirit of Sec. 4948, Rev. Stat., which commands a liberal construction of the provisions of our civil code.

"This court has heretofore recognized these liberal principles in a number of cases respecting steps necessary to perfect an appeal, and has been especially liberal in sanctioning amendments made to cure defects in the methods that parties have pursued in exercising this right of appeal. * * *

"We bring with us to the consideration of the question involved in the case before the court, the same liberal views that our predecessors held, and announced in the foregoing as well as other similar cases, touching the question of perfecting appeals, that by inadvertance, had been irregularly taken.

"We recognize, however, that the courts can dispense with no condition prescribed by statute, as necessary to perfect an appeal, and that the only field open to the display of liberality in this connection is in the construction of the statutes that prescribe these conditions."

Whatever of hardship our conclusion may work in these particula cases is of small importance compared with the breaking down of the letter of the law, and the unsettling of a practice which has been deter-

mined by the Supreme Court in Willis v. Willis, 57 Ohio St., 668 [50 N. E. Rep. 1135]. Cases settling questions of practice must frequently work apparent hardship, but the establishment of general practice must prevail.

The supreme court of Wisconsin, in Eaton v. Manitowoc Co., 42 Wis., 317, said, with a touch of satire:

"The ingenuity displayed in making appeals and returns to appeals defective is surprising, as we know at great expense of time. And it has become our duty to insist upon a rigid compliance with the statute, very generally simple and easy."

We, therefore, are of the opinion that the judgment of the court of common pleas in dismissing the appeal for want of proper notice ought to be affirmed.