MARMONT B. EDSON, *Plaintiff in Error*,

*vs.*

HORACE COUNTRYMAN, *Defendant in Error*.

ERROR TO COUNTY COURT OF GREEN COUNTY.

Section 226 of Chapter 88 of the Revised Statutes, secures to any defendant
in an action before a justice of the peace, when judgment has been given
against him, the right to an appeal, whether the other parties defendant do
or do not join with him in the appeal; provided the case is one in which an
appeal is allowed by law.

This cause was originally commenced before a jus-
tice of the peace of Green county, in assumpsit, by the
defendant in error, against Marmont B. Edson and
Margaret B. Edson, his wife, and judgment was ren-
dered against both of said defendants, on the 12th
day of August, A. D. 1851. On the 22d day of
August, 1851, Marmont B. Edson, one of the defend-
ants, made and filed a recognizance signed by himself
and a surety, and an affidavit as required by the sta-
tute, before the justice who rendered the judgment,
for the purpose of appealing to the County Court of
Green county. Whereupon the cause was removed
by appeal to said County Court. It appears, from the
recognizance, that Marmont B. Edson alone appealed.

In the County Court, the defendant in error, by his
attorney, moved the court to dismiss the appeal, for
the following reasons :

*First.* Because there was no bond filed in the cause
as is required by the statute ; and

*Second.* Because the said appeal was not taken with-
in the time prescribed by law.

The County Court dismissed the appeal, on the

ground, that Margaret B. Edson, one of the defend-

ants before the justice, did not join in the appeal with Marmont B. Edson.

The defendant below, Marmont B. Edson, sued out a writ of error, and assigns for error, that the County Court erred in dismissing the appeal.

*D. Noggle*, for the plaintiff in error. *Any party* to a final judgment rendered by a justice of the peace, may appeal from the same. *See Rev. Stat. Chap.* 88, § 226.

One of several defendants may appeal from a judgment of a justice of the peace, though the other defendants refuse to join in the appeal. 2 *Scam.* 46 ; 1 *id.* 198.

No appearance for the defendant in error.

*By the Court*, CRAWFORD, J. The defendant in error commenced an action of assumpsit before a justice of the peace, of Green county, against the plaintiff in error, and Margaret B. Edson. The justice of the peace rendered judgment in favor of the plaintiff, and against both the defendants, for the sum of sixty dollars and costs, and thereupon, one of the defendants, (Marmont B. Edson,) took an appeal to the County Court.

A motion was made in the County Court to dismiss the appeal, because no bond had been filed, as required by the statute, and the appeal had not been taken within the time prescribed by the statute. This motion was sustained and the appeal dismissed, on the ground that one of the defendants, Margaret B. Edson, had not joined in the appeal. The amended re-

turn of the justice of the peace, (as well as the recital in the recognizance) shows that the judgment was rendered on the twelfth day of August, 1851, so that the appeal, having been taken and perfected on the twenty-second day of the same month, was within the time allowed by law for taking an appeal from the judgment of a justice of the peace. The recognizance, given to the appellant, is in the form given in the statute, and we see no objection to it.

It does not appear, from the record before us, that the defendants were husband and wife, as represented in the printed case, nor is it important for the purposes of this case, whether they really occupied that relation to each other, for we think section two hundred and twenty-six, of chapter eighty-eight, of the Revised Statutes, secures to any defendant in an action before a justice of the peace, when judgment has buen given against such defendant, the right to an appeal, provided the case is one in which an appeal is allowed by the statute.

The plaintiff in error was entitled to his appeal, and the court erred in dismissing it. The judgment of the County Court is therefore reversed with costs, and the case remanded for further proceedings.