CHRISTIAN BREMER and WM. McPYNCHEON, Plaintiffs in Error,

*vs.*

AUGUST KŒNIG, Defendant in Error,

ERROR TO THE DANE CIRCUIT COURT.

Any one of the parties against whom judgment is rendered by a justice of the peace, feeling himself aggrieved, may appeal from such judgment without joining others in the appeal.

It is not necessary that the affidavit for appeal from the judgment of a justice of the peace be regularly entitled.

An affidavit for appeal from the judgment of a justice of the peace, in due form, at the foot of the recognizance of appeal, is good by relation, though not entitled.

ACTION of trespass *de bonis*, brought by the defendant in error, against the plaintiff in errror, before A. B. Brayley, Esq., a justice of the peace of said county, for taking and driving away a cow. The justice found McPyncheon not guilty, and rendered a judgment against Bremer for forty dollars and costs of suit. Bremer took an appeal to the Circuit Court. At the foot of the recognizance for appeal, was an affidavit in the following form :

" *State of Wisconsin, Dane County, ss.* : Christian Bremer being duly sworn, says that the appeal from the judgment mentioned in the above and foregoing recognizance, is made in good faith, and not for the purpose of delay ; and further saith not. .

" CHRISTIAN BREMER."

" Sworn to and subscribed before me this 21st day of July, A. D. 1855. A. B. BRAYLEY, *Justice of the Peace.*"

At the November term, A. D. 1855, of the Circuit Court, the defendant in error moved to dismiss the appeal for the following reasons : 1. Because the appeal is brought by Christian Bremer, one of the defendants in the suit, and not by the said Bremer and McPynchcon, the two defendants therein. 2. Because the

amount of the judgment below sought to be appealed from, is not stated and set forth, either as to damages or costs, in the recognizance filed in the cause, for the purpose of the appeal. 3. Because there is no such affidavit made by the appellant as the statute requires.

The Circuit Court sustained the motion, and dismissed the appeal, with costs.

*Knapp & Frink,* for the plaintiff in error, contended that Bremer, one of the defendants before the justice, had the right of appeal. *R. S. chap.* 88, § 226; *Fitzpatrick vs. McCormick,* 2 *Wis. Rep.* 284; *Edson vs. Countryman,* 1 *Wis. Rep.* 174.

The recognizance is in strict conformity with the statute. *R. S. chap.* 88, § 229, *Clark vs. Bowen,* 1 *Wis.* 123.

The affidavit at the foot of the recognizance of appeal refers to the judgment appealed from, and is, therefore, sufficiently certain. *R. S. chap.* 88, § 228.

The judgment is for full costs, and the case was dismissed for want of jurisdiction. This is error. *Pratt and Wood vs. Brown,* 4 *Wis. Rep.* 188.

*Smith & Keyes,* for defendant in error.

1. The affidavit should be regularly entitled of the court in which it is intended to be used. The affidavit in this case, omits the title of the cause, and the style of the court. 1 *Burrl. Pr.* 341; *Bosanq. & Pull.* 271; 1 *Bac. Abr.* 125; 2 *Ch. Genl. Pr.* 537

2. The affidavit is bad for uncertainty. 2 *Greenlf.* 311, 341; 2 *Halst.* 339.

3. It should also appear to be made in a judicial proceeding, otherwise it is insufficient (2 *Wis.* 437); and should be so clear and positive, that perjury may be assigned upon it. 4 *Litteton,* 268; 1 *Green,* 324. This affidavit is objectionable in all of these particulars.

*By the Court,* COLE, J. The only point relied upon by the counsel for the defendant in error, to sustain the ruling of the

Circuit Court in dismissing the appeal, is the insufficiency of the affidavit for the appeal. We presume the other grounds assigned in his motion in the court below, are no longer considered tenable, and are, therefore, abandoned. Certainly the cases of *Edson vs. Countryman* (1 *Wis.* 172) ; *Kirkpatrick vs. McCormick* (2 *id.* 284), are decidedly against him upon the first point in his motion : while the observation that the recognizance given was in all respects in strict compliance with sec. 229, chap. 88, R. S., would seem to furnish a sufficient answer to his second objection.

We have then, only to inquire, whether the affidavit for the appeal is such as the statute requires. To entitle a party to an appeal, Rev. Stat. subd. 1, sec. 228, provides that, " the appellant, or some person for him, must make an affidavit, stating that the appeal is made in good faith, and not for the purpose of delay," &c.

It is contended that the affidavit contemplated by this provision must be regularly entitled, and in the court in which it is made or to be used, and that it must be sufficient without reference to any other paper in the cause. In the present case the affidavit was drawn at the foot of the recognizance for the appeal and was in the following words:

" *State of Wisconsin, Dane County, ss.* :—Christian Bremer being duly sworn, says, that the appeal from the judgment mentioned in the above and foregoing recognizance is made in good faith, and not for the purpose of delay, and further saith not. (Signed,) Christian Bremer;" with a proper jurat.

It is to be observed that the recognizance names the parties and the justice who rendered the judgment, and that the affidavit refers to the judgment mentioned in the recognizance. We are, therefore, of the opinion that the affidavit is good by relation to the recognizance, though not itself entitled (4 *Hill R.* 596 ; *Kearney vs. Andrews, ante* 23, *decided this present term*), and that if false, perjury might be assigned upon it. 3 *Harris R.* 490. *See case of Kearney vs. Andrews, decided this term, ante* 23.

The judgment of the Circuit Court is therefore reversed, and the cause remanded for further proceedings according to law.