## KETCHUM VS. FREEMAN.

*Notice of appeal : Jurisdiction.—Judgment for costs—Estoppel.*

1. Where no notice of an appeal from a justice of the peace has been served, the circuit court does not acquire any jurisdiction—not even to render judgment against the appellant for costs on dismissing the appeal.

2. The facts that the party against whom judgment was rendered by the justice of the peace filed an appeal bond and paid the state tax, and that, knowing of the order dismissing the appeal, he did not move to set aside the judgment for costs for more than a year, and did not offer to pay the judgment in justice's court, do not estop him from denying the validity of the judgment for costs on appeal.

APPEAL from the Circuit Court for *Trempealeau* County.

A judgment for $33.60 having been rendered against the plaintiff, in May, 1861, in an action before a justice of the peace, he undertook to appeal, filed his appeal bond, which was approved, and the justice, in July, 1861, returned the testimony, proceedings and judgment to the circuit court, certifying that "plaintiff filed bond and perfected his appeal June 5th, 1861 ;" and further, that his fees and the suit tax were paid on the same day. It appears, however, that the notice of appeal and the affidavit required by sec. 205, ch. 120, R. S., were never presented to the justice.    In April, 1862, the circuit court, on defendant's motion, made an order reciting that the cause had been continued on the calendar for two terms, without having been brought to trial, and directing the appeal to be dismissed.    In July, 1867, the clerk entered a judgment for the costs, and docketed the same, as of April, 1862 ; and a transcript was filed in Monroe county, and execution issued.    In September, 1868, plaintiff moved that the judgment and all subsequent proceedings be set aside.    Defendant filed an affidavit stating, among other things, that plaintiff's attorney

knew, at the time, that the appeal had been dismissed, and affiant was informed and believed that plaintiff himself knew the fact at the time, or soon afterward, but had taken no steps, until said September, 1868, to set aside the order of dismissal, or to pay the judgment in the justice's court, or in the circuit court, but had allowed said action to rest for over five years, to the great injury of defendant; that some of defendant's witnesses, who were sworn on the trial of said action, had since died, and others had left the state, and plaintiff himself had left the state, and now resided in New York, and had no property in the state liable to execution. The court refused to set aside the judgment, etc., and plaintiff appealed.

*Newman & Button*, for appellant, to the point that the judgment for costs was void, cited *Mitchel v. Kennedy*, 1 Wis. 511; *Pelton v. Bloominggrove*, 3 id. 310; *Brearley v. Warren*, id. 397; *Pratt v. Brown*, 4 id. 188; *Chinnock v. Stevens*, 23 id. 396; *Latham v. Edgerton*, 9 Cow. 227. 2. A void judgment may be set aside on motion at a subsequent term, and after one year. *Sayles v. Davis*, 20 Wis. 302; *Ætna Life Ins. Co. v. McCormick*, id. 265; *Weatherbee v. Weatherbee*, id. 499; *Swezey v. Bartlett*, 3 Abb. (N. S.) 444; *Dederick v. Richley*, 19 Wend. 190. 3. Laches or lapse of time cannot affect a jurisdictional question. *Titus v. Relyea*, 16 How. Pr. 371; *Swezey v. Bartlett, supra*.

*G. Y. Freeman*, respondent, in person, contended that plaintiff had been guilty of gross laches (R. S., ch. 125, §§ 38–40; 17 Wis. 58; 14 id. 200; 6 id. 164; 20 id. 265; 1 How. Pr. 245); and that, after filing his bond, reciting the appeal, and taking all the other steps here taken, he was estopped from denying the appeal. 1 Wis. 382; 10 id. 443; 12 id. 466.

PAINE, J. It is evident that the appeal from the justice was never perfected, so as to give the circuit court any jurisdiction of the case. The notice of appeal, which

is absolutely essential, was never served. The circuit court had, therefore, no power to render a judgment for costs, as has been decided by this court. *Mitchell v. Kennedy*, 1 Wis. 511; *Pratt v. Brown*, 4 id. 188.

In *Paine v. Chase*, 14 Wis. 653, this court held that, where a writ of error was sued out of this court, and was dismissed because there was no judgment to which it would lie, judgment for costs on such dismissal might be rendered here. Perhaps some of the reasoning of the chief justice, as well as that in some of the cases cited by him, would tend to sustain a different conclusion from that arrived at in *Mitchell v. Kennedy*, and *Pratt v. Brown*. But the case was distinguished from them upon the ground that the suing out of a writ of error was commencing a new suit in this court, of which it had jurisdiction, at least so far as the parties were concerned; and the former cases were not overruled. The practice having been settled by them, we are not inclined to disturb it.

The judgment for costs was, therefore, improper and void for want of jurisdiction to render it; and it ought to have been set aside on motion. *Sayles v. Davis*, 20 Wis. 302; *Insurance Co. v. McCormick*, id. 265.

There is no ground for applying the doctrine of estoppel. Parties to judicial proceedings are bound to take notice whether the court has jurisdiction to render any judgment which they ask for against others; and, if not, they must be held to take such judgment at their peril.

*By the Court.*—The order appealed from is reversed, with costs, and the cause remanded, with directions to grant the motion.