## Benjamin vs. Houston, impleaded, etc.

*Appeal from justice of the peace: Proof of irregularity—What included in return—Presumption of authority of agent or attorney.*

1. Where the appeal papers from a justice of the peace are regular on their face, a motion to dismiss the appeal, on the ground that no notice of it was in fact served, should be based on affidavits.
2. A certificate of the justice that the notice was not signed when served on him, is no proper part of his official return, and is not evidence.
3. If a notice of appeal, or an affidavit, in a case before a justice of the peace, purports to be executed for appellant by his agent or attorney, proof of authority need not appear on the face of the papers.

APPEAL from the Circuit Court for *Pierce* County.

This action was commenced in a police court against *Matthew Houston* and John A. Houston, and the complaint was then dismissed as to the latter, and judgment rendered against the former, November 9, 1867, for forty-five dollars damages. A notice of appeal was filed,

which, as returned to the circuit court, was signed, "*Matthew Houston*, by P. V. Wise, his agent and attorney;" and with this was filed an affidavit by John A. Houston, which states that affiant makes the same in behalf of *Matthew Houston*, and that the appeal is made in good faith, etc. Following this, in the return, was a certificate of the justice, dated May 22, 1868, stating that said notice was not signed when served on him, but had been signed within the twenty days then last past, without his knowledge. The cause was noticed for trial in the circuit court by the plaintiff; and, when it came on to be tried, he moved orally upon the papers, and without any further affidavit, that the appeal be dismissed "for want of the proper notice, and for other irregularities;" and it was so dismissed. The defendant appealed from the order.

*Wise & Vannatta*, for appellant:

1. After plaintiff had appeared in the circuit court and noticed the cause for trial, it was too late to raise the objection of irregularity in the notice of appeal. *Verbeck v. Verbeck*, 6 Wis. 159; *Dykeman v. Budd*, 3 id. 340; *Love v. Rockwell*, 1 id. 382; *Heeron v. Beckwith*, id. 17; *Lowe v. Stringham*, 14 id. 222; *Barnum v. Fitzpatrick*, 11 id. 81; 17 id. 401. 2. The certificate of the justice was no part of his return (§ 212, ch. 120, R. S.), and no evidence of any thing (1 Greenl. Ev. [12th ed.] § 498; Willes, 549, 550; 14 Pick. 442; 13 id. 172; 6 Cow. 162; 4 How. 522; 1 Dal. 406, 407; 3 Murph. 331; 6 S. & R. 324–329); and the certificate was false in fact. 3. The proper method of raising the question was by affidavit and notice of motion founded thereon, the respondent appearing specially for that purpose. R. S. ch. 140, § 30; 8 Wis. 376; 18 id. 255; 6 id. 448. 4. A notice of appeal, if otherwise full and complete, is sufficient, without the appellant's signature. 1 Code R. 63; 10 How. Pr. 494; 9 id. 64; *Hills v. Miles*, 13 Wis. 627; 14 id. 77; 2 Tiff. & Sh. Pr. 7.

*J. S. White,* for respondent, contended that the notice of appeal and affidavit must be made not only by some person *in behalf* of the appellant, but by some one "*authorized* by him" (R. S. ch. 120, § 205), and that such authority ought to appear from the record. It does not appear from the record in this case that *Matthew Houston* ever wished an appeal, or knew that it had been taken ; nor does it even appear that the party who signs the notice, or the one who makes the affidavit, was in fact his attorney or agent. 2. The appellant took no exception to the ruling of the court, and cannot be heard in review. 5 Wis. 143 ; 7 id. 168, 216 ; 8 id. 167 ; 15 id. 215.

PAINE, J. The certificate of the justice that the notice of appeal was not signed when served on him, was no part of his official return, and consequently was no evidence. A justice, by certifying as to matters which he is not required or authorized to certify to, cannot make his certificate evidence. 1 Greenl. on Ev. § 498.

If no notice of appeal was served on the justice, he should not have sent up the papers to the circuit court. Having sent them up, if the notice was sufficient on its face, then, if it was claimed by the other party that no notice was in fact served, if he desired to move to dismiss the appeal upon that ground, he should have moved upon an affidavit, so as to give the other party an opportunity to controvert it. Such a motion ought not to have been granted on the extra-official certificate of the justice, on an oral motion, when the case, after having been regularly noticed, was reached for trial.

The appeal papers are sufficient on their face. The notice of appeal is signed by the defendant "by P. V. Wise, his agent and attorney." The affidavit is made by John Houston, who swears that he makes it "in behalf of *Matthew Houston.*" The point of the objec-

tion is, that the statute requires the notice and affidavit to be made by the party, or some one by him authorized, and that there is no proof of the authority on the face of the papers. The statute does not require proof of the authority to constitute a part of the appeal papers. And where such papers are made by those professing to act as agents or attorneys of the party, and this appears on the papers themselves, they are sufficient on their face. And if the other party claims that there was no authority in fact, he can raise the question by a proper motion, and then the proof can be produced, if the authority really exists.

The court erred in dismissing the appeal, and the order must be reversed, with costs, and the cause remanded for further proceedings.

*By the Court.* — Ordered accordingly.