PALMER and another vs. PETERSON.

APPEAL FROM JUSTICE'S COURT. *(1) Affidavit for appeal: Presumption of authority to make it; how rebutted. (2) Jurisdiction of circuit court.*

1. For the purpose of appealing from a J. P., the statute requires *the appellant, or some person authorized by him,* to make and present to the justice a certain notice and affidavit. Tay. Stats., 1396, § 223. The notice and affidavit here were signed by X. in his own name, with words added

describing him as attorney for the defendant. On the return day of the summons (one week before the date of the notice and affidavit), X. made an affidavit in the case stating that he appeared *voluntarily* for the defendant, to ask an adjournment for ninety days. There is also in the record subsequent to the alleged appeal, an affidavit of defendant that he never appeared in the case either personally or by an authorized attorney. *Held*, that these affidavits rebut all presumption that might otherwise be made, that X. was authorized by defendant to make the notice and affidavit of appeal for him.

2. In the absence of any valid notice and affidavit of appeal, the circuit court takes no jurisdiction of the subject matter of a cause purporting to be appealed to it from a justice's court; and the defect of jurisdiction cannot be *waived* by any act of the parties.

APPEAL from the Circuit Court for *Racine* County.

Plaintiffs recovered a judgment against the defendant in justice's court. The papers having been sent up by the justice to the circuit court as upon an appeal by the defendant, plaintiffs moved to dismiss the appeal, and appealed to this court from an order denying their motion. The error alleged will appear from the opinion.

For the appellants, there was a brief by *Elbert O. Hand*, and oral argument by *Mr. Hand* and *John T. Fish.*

*William Crosten*, for the respondent.

COLE, J. The statute regulating the manner of taking an appeal from a judgment of a justice of the peace, requires the appellant, *or some person authorized by him*, to make and present to the justice before whom the action is tried, a notice of appeal, together with an affidavit that the appeal is made in good faith. Sec. 223, ch. 120, Tay. Stats. It is objected in this case, that the notice of appeal and the affidavit do not purport to have been made by or on behalf of the defendant, or by any person authorized by him. The objection seems to be well taken. The notice of appeal is signed "J. T. Jacobson," in his own name, adding "Att'y for *L. H. Peterson.*" The affidavit is signed by him in the same manner. We

might, perhaps, presume, from the face of the appeal papers, that Jacobson was authorized by the defendant to represent him in the cause and take the appeal, were it not for the affidavit of Jacobson, made on the return day of the summons, in which he states that he appears voluntarily for the defendant, to ask an adjournment for ninety days. This affidavit was made on the 5th of January, 1878. The appeal papers were signed and sworn to on the 12th of the same month. Now it is said, *non constat* that Jacobson was not authorized by the defendant to act for him and take the appeal, intermediate the 5th and 12th of January; and, as the statute does not require proof of the authority to act to constitute a part of the appeal papers (*Benjamin v. Houston*, 24 Wis., 309), the presumption is that he was thus authorized. But, unfortunately for this position, we find in the record an affidavit of the defendant himself, made on the 28th of March, 1878, in which he says that he never appeared in the cause, either personally or by an authorized attorney. This, of course, rebuts all presumption that otherwise might be made, that Jacobson was ever authorized by the defendant to appear for him in the action and take the appeal. Jacobson seems to have been a mere intermeddler in the cause. He had no authority to represent the defendant in the action, and his acts did not bind the defendant in any way. Therefore, as no appeal was ever taken by the defendant personally or by an authorized agent for him, it follows that the circuit court never acquired jurisdiction of the action. *Widner v. Wood*, 19 Wis., 191; *Chinnock v. Stevens*, 23 id., 396.

But it is further insisted by the counsel for the respondent, that the objection that the circuit court never acquired jurisdiction of the appeal, was cured or waived by the steps which were taken on the part of the appellants in that court in the cause. We should surely so hold, were the objection one which could be waived by the consent of parties; but it is not. It is a jurisdictional defect, which consent cannot supply. *Dyke-*

*man v. Budd*, 3 Wis., 640; *Verbeck v. Verbeck*, 6 id., 159; *Miles v. Chamberlain*, 17 id., 446; *Pettit v. Hamlyn*, 42 id., 434; *Johnson v. The C., Mil. & S. P. R'y Co.*, 43 id., 431; *Ohse v. Bruss*, 45 id., 442. Consent gives jurisdiction of the person, but not of the subject matter. The case is not distinguishable in principle from *Verbeck v. Verbeck*. That case was certified to the circuit court by the justice, on an insufficient plea that title to lands would come in question. The parties appeared in the circuit court, and went to trial on the merits. But, the objection being taken that the circuit court had no jurisdiction of the cause, because the plea or notice did not show that title to lands would come in question, this court held the objection to be insuperable. There was substantially the same ruling in *Ohse v. Bruss*. It follows from these decisions, that the appellants are not estopped by the steps which they took in the circuit court, nor even by the receipt of $10 attorney's fee on the filing of the amended answer, from insisting that the circuit court had no jurisdiction of the appeal.

*By the Court.* — The order appealed from is reversed, and the cause remanded with directions to grant the motion.