THE EVANGELICAL LUTHERAN ST. PETER'S GEMEINDE vs. KOEHLER.

*February 4 — February 19, 1884.*

JUSTICES' COURTS: APPEAL. *(1) Making and presentation of notice. (2) Presumption as to making. (3) Amendment of return.*

1. The notice of an appeal from a justice of the peace must be signed by the appellant or some person authorized by him, or, it not being so signed, the record must show that the notice was presented to the justice by the appellant or such authorized agent.
2. It cannot be presumed that the notice was made by the appellant merely from the fact that he signed the affidavit and undertaking on appeal, even though they were on the same sheet as the notice.
3. The circuit court may require the justice to amend his return so as to certify who presented to him the notice of appeal.

APPEAL from the Circuit Court for *Marathon* County.

This action was brought before a justice of the peace, and the plaintiff recovered. In due time a notice that the defendant appealed from the judgment to the circuit court was filed with the justice, but the same was not signed by any one. At the same time an affidavit of appeal and undertaking in due form, each signed by the defendant, were also

The Evangelical Lutheran St. Peter's Gemeinde vs. Koehler.

filed with the justice. These were printed and written on the same sheet with the notice. It does not appear who filed the above papers with the justice. The justice made return to the appeal to the circuit court. The plaintiff thereupon moved the latter court to dismiss the appeal, on the ground that the notice of appeal, not having been signed by any person, was no notice of appeal, and that the circuit court acquired no jurisdiction to try the case. The motion was denied, and the plaintiff appeals from the order denying the same.

For the appellant there was a brief by *Bardeen & Mylrea*, and oral argument by *Mr. Bardeen*. They cited, besides cases cited in the opinion: *Chinnock v. Stevens*, 23 Wis., 396; *Widner v. Wood*, 19 id., 190; *Schuster v. Haight*, 53 id., 290; *Wright v. Fallon*, 47 id., 488; *Palmer v. Peterson*, 46 id., 401; *Benjamin v. Houston*, 24 id., 309.

For the respondent there was a brief signed by *L. A. Pradt*, attorney, and *Silverthorn & Hurley*, of counsel, and oral argument by *Mr. Pradt*. They contended, *inter alia*, that the statutes conferring the right to appeal are to be construed so as to facilitate rather than impede its exercise. *Cady v. Anson*, 4 Wis., 223; *Buckstaff v. Hanville*, 14 id., 79. The notice of appeal may be read with the affidavit to render it intelligible *(Bremer v. Kœnig*, 5 Wis., 156), and, especially when it is on the same sheet, the affidavit may help out the notice. Indeed, the affidavit is virtually a verified signature to the notice. *Hubbell v. Livingstone*, 1 Code Rep., 63; *Post v. Coleman*, 9 How. Pr., 66; *Purdy v. Upton*, 10 id., 495; *Mosher v. Heydrick*, 30 id., 169. It is held that a notice of appeal from a justice need not be signed, in *Burrows v. Norton*, 2 Hun, 550. See, also, *Smart v. Howe*, 3 Mich., 593. And it is even held in several of the states that a signature is not essential to an affidavit. *Ede v. Johnson*, 15 Cal., 58; *Gill v. Ward*, 23 Ark., 16; *Watts v. Womack*, 44 Ala., 605; *Dickinson v. Simondson*, 25 Mich., 115; *Jackson v. Virgil*, 3 Johns., 540.

LYON, J. The statute, under which the appeal to the circuit court was taken, provides that "the appellant, or some person authorized by him, must, within twenty days after judgment rendered, make and present to the justice before whom the action was tried, . . . a notice of appeal, together with an affidavit that the appeal is made in good faith and not for the purpose of delay." R. S., 929, sec. 3754.

Unless the foregoing requirements are strictly complied with in a given case, there is no appeal, and the circuit court obtains no jurisdiction of the cause. *Ketchum v. Freeman*, 24 Wis., 296; *Lederer v. C., M. & St. P. R'y Co.*, 38 Wis., 244.

The statute does not expressly require that the notice of appeal be signed. It was said in *Eaton v. Supervisors*, 42 Wis., 317, that the statute then in force concerning appeals to this court (Laws of 1860, ch. 264, sec. 3), while it did not specify, certainly implied, that the notice should be signed by or for the appellant. It was further said in that case, in the opinion by the late chief justice: "We are not prepared to say that, when a written notice is required to be given by a party under a statute or rule not expressly directing it to be signed, and when the party himself serves the notice unsigned, the absence of signature may not be cured by the service in person. In this case, however, the record does not disclose by whom the notice of appeal was served. *Non constat* by the record who gave the notice." The appeal was dismissed.

In the later case of *Teegarden v. Town of Caledonia*, 50 Wis., 292, it was said that an unsigned notice to supervisors, of an injury resulting from a defective highway, was sufficient if served by the party claiming damages therefor, the statute then in force not requiring the notice to be signed by any one. In that case, as in this, and also as in *Eaton v. Supervisors, supra*, the notice was jurisdictional. The cases

are therefore identical in principle and should be governed by the same rule. It may not have been strictly necessary to decide the question of the validity of an unsigned notice in *Teegarden v. Town of Caledonia*, because the notice in that case was signed by a third party, but it did not purport to have been so signed on behalf of the plaintiff. However that may be, the question was there considered and the opinion expressed that personal service of the notice by the plaintiff dispensed with the necessity of any signature thereto. Our opinion in that behalf is unchanged.

Applying to this case the rules established in *Eaton v. Supervisors* and *Teegarden v. Town of Caledonia*, it must be held that either the notice of appeal must be signed by the appellant or some person authorized by him, or, not being so signed, the record must show that the notice was presented to the justice by the appellant or such authorized agent. The statute requires that it shall be *made*, as well as presented to the justice, by the appellant or his agent, and when the notice is unsigned it does not appear that it was made by the proper person, unless it appears that such person actually presented it to the justice. The docket and the return of the justice ought to show who presented to him the notice of appeal, but in this case both are silent on the subject.

Had the notice been properly signed perhaps we might presume that the person signing it presented it to the justice, but not being so signed we cannot presume that it was presented by any person authorized to take an appeal.

No good reason is perceived why the circuit court may not, on a proper application, require the justice to amend his return by certifying who presented to him the notice of appeal. This seems to accord with the ruling in *Lederer v. C., M. & St. P. R'y Co.*, *supra*, in which case the officer before whom the affidavit of appeal was taken omitted to sign the *jurat*, and the circuit court permitted him to sign it

pending a motion to dismiss the appeal because of such omission. The practice was approved by this court. An amended return showing who presented the notice of appeal would not change the notice, but would only furnish the evidence of a fact, extrinsic the notice, essential to the jurisdiction of the circuit court.

It cannot properly be presumed that the notice was made by the appellant merely because he signed the affidavit and undertaking. In *Eaton v. Supervisors* the appellant had signed the undertaking and appeared to the appeal in this court, but those facts failed to save his appeal. In *Bremer v. Kœnig*, 5 Wis., 156, the affidavit of appeal was not entitled in the action. It was otherwise sufficient. The affidavit expressly referred to "the judgment mentioned in the above and foregoing recognizance." The recognizance was properly entitled in the action. The affidavit was held sufficient because of such reference therein. The case is not in point. The defect in the affidavit was merely formal, and it contained an express reference to the recognizance which supplied the defect. Here the defect is substantial, and the affidavit contains no express reference to the notice of appeal. It is immaterial that the affidavit of appeal and undertaking in the present case are on the same sheet with the notice. Were it proper to refer to them at all in aid of the notice, it would be no obstacle in the way of doing so were they on separate sheets.

This case is fully ruled by former adjudications of this court, and it is quite unnecessary to refer to cases elsewhere.

*By the Court.*— The order of the circuit court is reversed, and the cause will be remanded for further proceedings according to law.