SMITH vs. ORMSBY.

*September 2 — September 23, 1884.*

*Appeal from J. P.: Affidavit by attorney: Presumption of authority.*

Where the affidavit on an appeal from a justice of the peace purports to be made by the attorney for the appellant, it will be presumed, in the absence of evidence to the contrary, that such attorney was authorized to make the same.

APPEAL from the Circuit Court for *Jackson* County. The case is stated in the opinion.

For the appellant there was a brief by *Geo. P. Rossman,* attorney, and *R. J. MacBride,* of counsel, and oral argument by *Mr. MacBride.*

For the respondent the cause was submitted on the brief of *James O'Neill.* He contended that the affidavit was insufficient because it was not made by the appellant and did not purport on its face to be made by any person authorized by him. The words " attorney for the above-named defendant and appellant" are mere *descriptio personæ,* and the sufficiency of the affidavit should be determined as if they were omitted. *Merritt v. Seaman,* 6 N. Y. 168; *Sheldon v. Hoy,* 11 How. Pr. 11; *Ex parte Shumway,* 4 Denio, 258; *Hill v. Hoover,* 5 Wis. 354. See, also, *Miller v. C., M. & St. P. R'y Co.* 58 Wis. 310; *Wiley v. Aultman,* 53 id. 560; *Sloane v. Anderson,* 57 id. 123, 134.

TAYLOR, J. This is an appeal from a judgment of the circuit court dismissing an appeal from a judgment of a justice of the peace. The appeal was dismissed, for the reason (as the circuit court held) that the affidavit for an appeal was insufficient. It is insisted by the appellant that the learned circuit judge erred in holding the affidavit insufficient.

The affidavit was on the same piece of paper upon which

---

Smith vs. Ormsby.

---

was the notice of appeal, and immediately following the notice. The notice and affidavit read as follows:

"NOTICE OF APPEAL.

"*State of Wisconsin, County of Jackson — In Justice Court. Simon Bergsing, Justice of the Peace.*

"DELBERT SMITH, *Plaintiff*, against H. J. ORMSBY, *Defendant.*

"Notice of Appeal.

"*To Simon Bergsing, Justice of the Peace:* Take notice that the above-named defendant, *H. J. Ormsby*, hereby appeals to the circuit court of the county of Jackson from the judgment and order rendered in this action before Simon Bergsing, justice of the peace, on the 21st day of September, A. D. 1883, in favor of the above-named plaintiff, *Delbert Smith*, and against the above-named defendant, *H. J. Ormsby*, for fifty dollars damages and fourteen dollars and two cents costs.

"GEO. P. ROSSMAN, Att'y for Defendant."

"AFFIDAVIT ON APPEAL.

"*State of Wisconsin, County of Jackson, ss.:* — Geo. P. Rossman, attorney for the above-named defendant and appellant, being duly sworn, on his oath says that the appeal in the above-entitled action is made in good faith, and not for the purpose of delay.            GEO. P. ROSSMAN.

"Subscribed and sworn to before me this 21st day of September, 1883.     SIMON BERGSING, Justice of the Peace."

We think this notice and affidavit were sufficient, without any extraneous aid, within the decisions of this court in the cases of *Cady v. Anson*, 4 Wis. 223; *Benjamin v. Houston*, 24 Wis. 309; *Palmer v. Peterson*, 46 Wis. 401; *Evangelical L. St. P. Gemeinde v. Koehler*, 59 Wis. 650. These cases all hold that the proof of the authority of the person making the affidavit for the appeal does not constitute a part of the

appeal papers. "And when such papers are made by those professing to act as agents or attorneys of the party, and this appears on the face of the papers themselves, they are sufficient on their face. And if the other party claims that there was no authority in fact, he can raise the question by a proper motion, and then the proof can be produced if the authority really exists." This was the rule laid down by this court in the case of *Benjamin v. Houston*, and was expressly approved by this court in *Palmer v. Peterson*, and impliedly in *Evangelical L. St. P. Gemeinde v. Koehler*, *supra*. But, in the case at bar, in addition to what appears on the face of the notice of appeal and affidavit, the record of the justice returned to the circuit court shows that the person who signed the notice of appeal and affidavit was in fact the attorney of the appellant in the action in the justice's court, and in the absence of all proof that the attorney was not authorized to make the appeal on behalf of the appellant, it must be presumed that he had such authority. *Benjamin v. Houston*, *supra*. The decisions of this court above cited clearly show that the learned circuit judge erred in dismissing the appeal, and the judgment of the circuit court entered upon such dismissal is erroneous, and must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.