Miltimore v. Hoffman, 125 Wis. 558.

---

MILTIMORE, imp., Appellant, vs. HOFFMAN, Respondent.

*September 12—October 3, 1905.*

*Justices' courts: Title of notice of appeal: Return: Amendment: Jurisdiction: Proceedings in circuit court: Dismissal: Effect: Costs.*

1. A notice of appeal describing the judgment by the same title as that under which the judgment was entered is responsive to the judgment from which it is taken, and sufficient.
2. Insufficiencies in a justice's return on appeal, of a character capable of amendment, are properly to be cured by ordering their amendment by further return, rather than by dismissing the appeal.
3. A return by a justice on appeal, which failed to certify by whom the notice of appeal was delivered to the justice, is *held* cured by the fact that the notice was signed by the appellant in person.

4. Jurisdiction of a justice of the peace must affirmatively appear; hence where the jurisdiction of Justice B. rested upon an order of Justice O. transferring the action to Justice P., in the absence of further showing Justice B. is a simple volunteer, with no right to try the action.
5. An appeal from a justice of the peace carries to the circuit court the same power and duty to examine and adjudge upon the jurisdiction as existed in the justice, and, by virtue of sec. 3769, Stats. 1898, to render the same judgment the justice ought to have rendered; hence, on appeal from a justice's judgment, where the circuit court found the justice had no jurisdiction, it is the proper practice to dismiss the action, thus annulling all proceedings in both courts.                                  \
6. Where an action in the circuit court on appeal from a justice's judgment is dismissed because the justice had no jurisdiction, the situation is within the provision of sec. 2925, Stats. 1898, authorizing costs in favor of the appellant when the justice's judgment is reversed.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. ˙ *Affirmed.*

Action of replevin, commenced in justice's court upon an affidavit of one *B. G. Miltimore,* as president of the village of Dorchester and on its behalf, alleging detention by defendant of certain chattels "belonging to the fire department of said village of Dorchester," of which the plaintiff, as president and agent of said village, was then lawfully entitled to the possession. The action was docketed somewhat ambiguously by the justice of the peace, but probably with *Miltimore* as the plaintiff. Affidavit of prejudice was made by defendant, and order entered changing the venue to "Charles Partridge, the nearest justice qualified by law to try the above-entitled action." Upon this record, duly certified by the first justice of the peace, Oberbillig, one O. W. Bean, describing himself as justice of the peace of Clark county, entered the case on his docket under the title, "Village of Dorchester, *B. G. Milti-more,* President, Plaintiff, v. *William Hoffman,* Defendant," and proceeded to try the case, and under that title rendered judgment in favor of the plaintiff and against the defendant

for possession of the property, damages, and costs. From this judgment the defendant appealed to the circuit court, where motions were made—by the plaintiff to dismiss the appeal, and by the defendant to dismiss the action. The first motion was based on insufficiency of notice of appeal and insufficiency of return. The circuit court permitted the return to be amended, held that the notice of appeal was sufficient, but that the justice had no jurisdiction, and therefore entered judgment dismissing the action and for recovery of costs in circuit court by defendant against plaintiff, *Miltimore*. From that judgment *Miltimore* appeals.

For the appellant there was a brief by *Emery W. Crosby,* attorney, and *R. J. MacBride,* of counsel, and oral argument by *Mr. MacBride.*

For the respondent the cause was submitted on the brief of *Groelle & Humphrey,* attorneys, and *Park & Carpenter,* of counsel.

DODGE, J.    Appellant first contends that the appeal should have been dismissed in the circuit court for defects in the appellate proceeding, in that the notice of appeal describes the judgment as in favor of "Village of Dorchester, *B. G. Miltimore,* Plaintiff," while the suit was originally brought by *B. G. Miltimore.* The action as docketed by Justice Bean was in the name of "Village of Dorchester, *B. G. Miltimore,* Plaintiff, v. *William Hoffman,* Defendant." Under that title he entered judgment in favor of "the plaintiff," both for the delivery of the goods and the recovery of damages and costs. The defendant's notice declared his appeal from the order and judgment entered in an action so entitled, and the undertaking and the return were all so headed. We cannot doubt that the appeal was responsive to the judgment from which it was taken, and that any other entitling of the cause or description of the judgment would probably have been ineffectual as not so responsive.

Certain insufficiencies in the justice's return, also urged as defeating the appeal, were all of a character capable of amendment, and it was therefore proper for the court, instead of dismissing the appeal on account of them, to order their amendment by further return. *Demming v. Weston*, 15 Wis. 236. Complaint now made that even the amended return fails to certify the person by whom the notice of appeal was delivered to the justice is of no force, since the notice was signed by the appellant in person. *Evangelical L. St. P. Gemeinde v. Koehler*, 59 Wis. 650, 18 N. W. 476; *Benjamin v. Houston*, 24 Wis. 309; *Smith v. Ormsby*, 61 Wis. 13, 20 N. W. 656; *Friemark v. Rosenkrans*, 81 Wis. 359, 363, 51 N. W. 557; *Patrick v. Baldwin*, 109 Wis. 342, 85 N. W. 274. Hence we conclude that the appeal to the circuit court was properly brought.

Jurisdiction of the subject matter of this action in Justice Bean obviously was lacking. His only claim on jurisdiction rests upon an order of Justice Oberbillig transferring the action to Justice Partridge. In the absence of any further showing, Justice Bean is a simple volunteer, with no right whatever to try this action. Jurisdiction of a justice must affirmatively appear. *Ely v. Tallman*, 14 Wis. 28; *Jones v. Hunt*, 90 Wis. 199, 63 N. W. 81.

The next question discussed is whether the court, having acquired authority at least to examine the action of the justice of the peace by proper appellate proceedings, upon finding that the justice had no jurisdiction of the cause, should merely dismiss the appeal or should dismiss the proceedings, thereby annulling the judgment entered by the justice of the peace. In an early case (*Felt v. Felt*, 19 Wis. 193) it was said that the proper proceeding in such case was to dismiss the appeal, in entire analogy to the duty of the circuit court, when it failed of jurisdiction by reason of inadequate appellate proceedings. This view was repudiated, however, in *Klaise v. State*, 27 Wis. 462, where the proper order was de-

clared to be one of dismissal of the action, which dismissal, said the court, "nullifies and puts an end to the proceedings in both courts." This view controlled in *Butler v. Wagner,* 35 Wis. 54, *Cooban v. Bryant,* 36 Wis. 605, and *Appeal of Royston,* 53 Wis. 612, 11 N. W. 36; and the propriety of such an order was assumed to be settled in *Stoltman v. Lake,* 124 Wis. 462, 102 N. W. 920, where the failure of jurisdiction in the appellate court was due to absence of jurisdiction in the court below. The distinction between the attitude of the appellate court in the two cases is obvious. Where the appeal is not perfected in the manner prescribed by law the circuit court has no jurisdiction even to look into the jurisdiction of the justice of the peace. Hence it dismisses the appeal, leaving undisturbed the judgment as entered below. Sec. 3770, Stats. 1898; *Shiff v. Brownell,* 4 Wis. 285, 286. When, however, the appeal is perfect, and the question of the justice's jurisdiction is raised, the circuit court must examine and review the proceedings before the justice to the extent, at least, of ascertaining whether he had jurisdiction to support that of the circuit court. *Darling v. Conklin,* 42 Wis. 478. Indeed, it may be said that in the first case the circuit court fails of any jurisdiction over the appeal; in the second it acquires jurisdiction of the appeal, but none over the merits of the action. The appeal carries to the circuit court the same power and duty to examine and adjudge upon the question of jurisdiction as existed in the justice, and, by virtue of sec. 3769, Stats. 1898, to render the same judgment the justice ought to have rendered. The subject received lucid discussion in *McKilrick v. Peter,* 5 Dana (Ky.) 587; *State ex rel. Williamson v. Judges,* 42 N. J. Law, 386; *Ripple v. Keast,* 16 Pa. Co. Ct. 548; *U. S. v. Nourse,* 6 Pet. 470. The supreme court of the United States, after full deliberation, has declared in accordance with this view, and, when the appeal is regular, examines the jurisdiction of the inferior court, and, if that be found wanting, enters judgment vacating the

judgment below.  *U. S. v. Nourse, supra; Nelson v. Leland,*
.22 How. 48.  Such, too, has been the uniform custom in this
·court.  *'Ketchum v. Freeman,* 24 Wis. 296; *Mathie v. Mc-
Intosh,* 40 Wis. 120.  We are convinced, both by reason and
authority, that the ruling of the circuit court was proper in
dismissing the action and thus annulling all proceedings in
both that and the justice court.

The question whether the circuit court erred in awarding
judgment for costs against the plaintiff is, of course, entirely
statutory.  Sec. 2925, Stats. 1898, authorizes costs on appeal
in favor of respondent if justice's judgment be affirmed or the
appeal be dismissed, and in favor of appellant if judgment
be reversed.  Prior to 1875 (Laws of 1875, ch. 140) the sec-
tion did not contain any provision for costs on dismissal of
appeal, and this court had held that in such case no costs could
be awarded, both because of want of jurisdiction to render
any judgment and because the statute did not expressly pro-
vide for that condition.  Confessedly the former ground is
·no obstacle in the presence of express statute, and, since the
·amendment of 1875, costs are recoverable upon dismissal of
appeal, although the appellate court has no jurisdiction even
of the appeal (*Finlay v. Prescott,* 104 Wis. 614, 80 N. W.
930); and that amendment has generally been recognized as
indicating a legislative policy, in contradiction of the for-
merly declared doctrine that absence of jurisdiction on appeal
from a justice precluded recovery of costs, to provide for costs
in all cases which might arise upon such appeal, for the stat-
ute regulating judgments on appeal, in absence of new trial,
·at the time of that amendment, authorized nothing but affirm-
ance or reversal.  Sec. 218, ch. 120, R. S. 1858.  Afterwards,
by ·ch. 216, Laws of 1891, came the authority to render an
affirmative judgment in the circuit court (sec. 3769, Stats.
1898); but the old statute as to costs was not changed (sec.
·2925, Stats. 1898), thus clearly indicating that such affirm-
·:ative judgment was deemed by the legislature to constitute

either a reversal or affirmance of the justice's judgment, according to its effect on the rights of the parties. Clearly, upon appeal from a judgment in favor of plaintiff, an affirmative judgment in the circuit court in favor of defendant would constitute a reversal of the judgment appealed from, within the meaning of sec. 2925, Stats. 1898; but we can see no failure of analogy between that and the situation here, where, as already pointed out, the judgment of the circuit court nullifies and cancels the affirmative judgment rendered by the justice in plaintiff's favor on the ground that it has been erroneously rendered. No more complete reversal in practical effect is conceivable. Hence we conclude that the situation is within the express words of the statute (sec. 2925, Stats. 1898) authorizing costs in favor of the appellant when the justice's judgment is reversed.

We find no authority in this court in conflict with this conclusion. True, it had been held prior to 1875 that upon dismissal of appeal no costs could be taxed. *Mitchell v. Kennedy,* 1 Wis. 511; *Pratt v. Brown,* 4 Wis. 188. All such decisions applied to dismissals for insufficient appeals until *Felt v. Felt, supra,* where the lack of jurisdiction arose with the justice. In that case the ruling denying costs was but a corollary of the other holding that the proper action in circuit court was to dismiss the appeal, neither affirming nor reversing the judgment below; but that decision was promptly overruled, as we have already pointed out. True, in *Blackwood v. Jones,* 27 Wis. 498, where jurisdiction was sustained, it was said, citing *Felt v. Felt, supra,* that, if the *action* had been properly dismissed, costs against plaintiff would have been erroneous. The remark was, of course, wholly *obiter,* is not at all supported by the authority cited nor by any discussion, and can, at most, be considered an unofficial expression of opinion by the learned author thereof. It has never since been followed or referred to as authority by this court. We cannot consider it any obstacle to the conclusion now reached.

*By the Court.*—Judgment affirmed.