## PERKINS ET AL. *v.* INDIANA MANUFACTURING COMPANY ET AL.

[No. 9,127.   Filed March 10, 1915.]

1. APPEAL.—*Vacation Appeal.—Notice.*—Under §681 Burns 1914, §640 R. S. 1881, relating to vacation appeals two procedures are provided for the taking of such appeals, under the first of which notice is given below both to the adverse party and to the clerk of the trial court, while under the second procedure the only notice given is to the appellee, and issues from the office of the clerk of the Supreme Court.   p. 221.

2. APPEAL.—*Right of Appeal.—Notice.*—An appeal is a statutory remedy and must be taken in the manner prescribed by statute; but, while notice of an appeal should be given at the time, in the manner and to the persons specified by the statute, in determining the sufficiency of such notice some consideration should be given to the purpose of such notice as gathered from the terms of the statute.   p. 222.

3. APPEAL.—*Vacation Appeal.—Notice to Clerk.*—The purpose of the provision of §681 Burns 1914, §640 R. S. 1881, for notice of appeal to the clerk of the trial court, when considered in the light of §690 Burns 1914, §649 R. S. 1881, relative to making transcripts, together with the fact that such notice must be given before the transcript is filed, is to procure the preparation and filing by him of a proper transcript, and when the appeal is taken under the first provision of §681, the giving of such notice substantially as required by the statute is a necessary step. p. 222.

4. APPEAL.—*Vacation Appeal.—Notice to Clerk.—Necessity for Signature.*—Though notice to the clerk of an appeal, as required by §681 Burns 1914, §640 R. S. 1881, is not expressly required to be signed, it must purport to emanate from the proper source, and it will be deemed sufficient if it is properly made to appear that it was served in person by appellant, or by his attorney of record for him, and the notice and the proof of service is properly filed with the transcript.   pp. 224, 225, 227.

5. APPEAL.—*Notice of Appeal.—Waiver.*—Service of notice of an appeal is not absolutely essential, but may be waived by full appearance or by joinder in error.   p. 225.

6. APPEAL.—*Notice of Appeal.—Proof of Service.*—An acknowledgment or certificate of the clerk is not the exclusive method of proving service of the notice required by §681 Burns 1914, §640 R. S. 1881, but a proper affidavit is also sufficient to that end; hence service of notice was sufficiently shown, where the

Perkins *v.* Indiana Mfg. Co.—58 Ind. App. 220.

notice filed with the 'transcript though unsigned, bore the signed endorsement of the clerk acknowledging service and receipt of a copy, and there was subsequently filed in the appellate tribunal an uncontradicted affidavit showing that service was made by appellants' attorney of record.  p. 227.

7.  APPEAL.—*Notice of Appeal.—Transcript.*—While it is proper practice where notice is served below, to cause the notice to appear in or be bound with the transcript, there is no statute to that effect or requiring the notices and proofs thereof to be certified as a part of the transcript, or requiring that the same be filed in the court below.  p. 227.

8.  APPEAL.—*Disposition on Merits.—Technicalities.*—Though technicalities must be observed when required by the well-settled rules of practice, the court will avoid them and dispose of the cause on its merits when possible to do so.  p. 228.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action between Edgar A. Perkins and others and the Indiana Manufacturing Company and another. From a judgment for the latter, the former appeal, and the appellee named moves for a dismissal of the appeal. *Motion overruled.*

*Henry W. Bullock, James W. Fortune* and *Louis Herbst,* for appellants.

*Boyd & Mott, M. Z. Stannard, J. Howard, Jr., F. S. Roby, W. H. Watson, S. H. Esarey* and *E. D. Salsbury,* for appellees.

CALDWELL, P. J.—This cause was appealed originally to the Supreme Court. It has been transferred to this court, by reason of the jurisdiction being here. It is now presented on the motion of appellee, Indiana Manufacturing Company, to dismiss the appeal. The motion, as submitted for our consideration, is based on the alleged ground that appellants failed to serve on the clerk of the trial court a written notice of the appeal. The cause in this court belongs to that class known as vacation appeals. The statute provides two procedures in the taking of such an appeal, either of which may be followed by an appellant. In each of these procedures the giving of notice is a necessary

step. In the first, notice is given below. In the second, it is issued and served from this court. The statutory provision is as follows: ''After the close of the term at which the judgment is rendered, an appeal may be taken,'' first, ''by the service of notice in writing on the adverse party or his attorney, and also on the clerk of the ·court,'' etc., second, ''or such appeals may be taken by procuring from the clerk of the court a transcript   *   *   * ·and filing the same in the office of the clerk of the supreme court, who shall   *   *   * issue a notice of the appeal to the appellee.'' §681 Burns 1914, §640 R. S. 1881. It will be observed that under the first procedure, there must be notice to both the adverse party and the clerk of the trial court, while under the second procedure, notice only to the appellee is required. ·Appellants here attempted to follow the first procedure. It is not contended that there was a failure to serve notice of the appeal on the adverse parties. Appended to the transcript is an unsigned notice, directed to the clerk of the trial court, and to the effect that the plaintiffs appeal from the judgment in said cause to the Supreme Court. The sole objection urged against the sufficiency of the notice is that as annexed to the record, it appears that it is not signed by appellants or by any one for them. By a signed endorsement on the notice, the clerk of the trial court acknowledged the service thereof and the receipt of a copy.

As an appeal is a statutory remedy, it must be taken in the manner prescribed by the statute. Where notice is one of the steps required, notice must be given at the time, in the manner and to the persons specified by the statute. It would seem, however, that where what purports to be a notice has in fact been given, and controversy arises respecting its sufficiency as such, or whether it amounts to notice under the terms of the statute, some weight should be assigned to the purpose of such notice as gathered from the terms of the statute. The clerk of the trial court is not a party to the

appeal, and in so far as concerns notice to him, its purpose can not be to obtain jurisdiction over his person. Its purpose is not to stay execution or other proceedings on the judgment in the court below, as in the ordinary case, that may be accomplished in a vacation appeal only by an order of the appellate tribunal in term or a judge thereof in vacation. §682 Burns 1914, §641 R. S. 1881. It will be observed that when notice is given below, it must be served on both the adverse party and the clerk of the trial court. But if issued and served from the appellate tribunal, it is so issued and served after the transcript has been filed, and in such case, the notice is required to be served only on the appellee. It would, therefore, seem that the notice to the clerk where required by the statute bears some relation to the procuring of a transcript to be filed and used on appeal. This relation is made more apparent by the terms of §690 Burns 1914, §649 R. S. 1881, to the effect that "Upon the request of the appellant, or upon being served with notice, as aforesaid  *  *  *  the clerk shall forthwith make out and deliver to the party, at his request,  *  *  *  a transcript of the record," etc. To the extent that the purpose of the notice to the clerk is as indicated, the notice here was effective in that a transcript has been properly prepared, certified and filed. We would not be understood as intimating that the question of whether the clerk has been served with notice as required by the statute becomes unimportant where the purpose of the notice has been otherwise accomplished. The serving of such a notice on the clerk as is specified by the statute is a necessary step in taking a vacation appeal, but where the question is whether the taking of a certain step amounts to giving the statutory notice, it would seem legitimate to inquire whether the step, the value of which is in dispute, accomplished the purpose of a statutory notice. *State* v. *Sutherlin* (1905), 165 Ind. 339, 344, 75 N. E. 642. The statute here requires that the notice to the clerk be in writing. On the subject of notice to an appellee, under the

statute, it is said: ''Written notice is required; verbal notice can not serve the purpose of bringing a party into court.   Actual notice is not sufficient, unless it is substantially such as the law requires.''   Elliott, App. Proc. §172. ''Actual knowledge of the appellee that an appeal has been taken will not dispense with the statutory requirement.'' 2 Ency. Pl. and Pr. 213.   To the same effect is Ewbank's Manual §153.   Since the notice to the clerk and the notice to appellee are based on the same statutory requirement, it · is apparent that the foregoing principles apply to notice to the clerk.

It will be observed that, literally, the statute calls for the service of ''a notice in writing''.   There is no express requirement that the notice be signed.   However, it seems to be at least the general rule under similar statutes that a signature by appellant or by some other person for him is implied.  2 Cyc. 867; 2 Ency. Pl. and Pr. 215; *Doerr* v. *Southwestern Mut. Life Assn.* (1894), 92 Iowa 39, 60 N. W. 225; *Merrill* v. *Timbrell* (1904), 123 Iowa 375, 95 N. W. 237; *Larrabee* v. *Morrison* (1870), 15 Minn. 196; *Demelt* v. *Leonard* (1860), 19 How. Pr. (N. Y.) 182; *Evangelical, etc., Gemeinde* v. *Koehler* (1884), 59 Wis. 650, 18 N. W. 476.; *Teegarden* v. *Town of Caledonia* (1880), 50 Wis. 292, 6 N. W. 875; *Eaton* v. *Supervisors, etc.* (1877), 42 Wis. 317.   The statute under which the cited Iowa cases were decided is practically the same as §681, *supra.*   In *Doerr* v. *Southwestern Mut. Life Assn., supra,* the notice to appellee was not signed, and the court held that there being no signature to the notice by appellant or other person for him, ''the document is, in effect, no more than a blank piece of paper.   It is not a case of defective notice, but of no notice.''   Apparently, the statute is more strictly construed in Iowa than in this State, since in the Doerr case it is further held that a full appearance and a discussion of the case on its merits does not amount to a waiver of notice or of defects in a notice, the court saying:   ''It is settled that

the parties cannot by consent present their cases to this court without taking the necessary steps to confer jurisdiction.'' While with us, there are many jurisdictional facts that can not be waived and many situations respecting which jurisdiction can not be conferred by consent, yet our courts uniformly hold that a full appearance by a party without questioning the notice, is a waiver of the service of notice as to him.    2 Works' Practice §1093; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 47 N. E. 25, 150, 37 L. R. A. 233; *Burk* v. *Simonson* (1885), 104 Ind. 173, 2 N. E. 309, 3 N. E. 826, 54 Am. Rep. 304; Ewbank's Manual §199.    It is held also in what was denominated a *quasi*-civil proceeding, that a joinder in error is a waiver of all objections to the sufficiency of the notice and of its service upon the clerk of the trial court, as well as upon the party so joining in error.    *Beck* v. *State* (1880), 72 Ind. 250.    A like decision has been made in a criminal case, where the cause was submitted by agreement.    *Summers* v. *State* (1875), 51 Ind. 201.    It thus appears that the service of notice of appeal is not absolutely essential in order that the appellate tribunal may entertain the cause but rather that the fact respecting notice belongs to that class, subject somewhat to the control of the parties.

In *Doerr* v. *Southwestern Mut. Life Assn., supra,* the court in justification of its decision that the notice must be signed, said: ''It must purport to emanate from some one, in order that the adverse party may be advised that it comes from the proper source.''    Accepting such reason as sound, and applying it to the notice to the clerk, then it would seem that if the notice as it goes into the hands of the clerk, or as it is served on him is authenticated in some sufficient manner other than by a signature, the fact that the notice emanated from the proper source would thereby be amply indicated.    Thus, if the unsigned notice here was served in person by appellants,

or by their attorney of record for them, and if the clerk's acknowledgement of service and receipt of a copy indorsed on the notice showed such facts, or if such facts were made to appear by an affidavit, sufficient in form and substance, indorsed on or appended to the notice, and if in such condition the notice with such proof of service thereof were filed in this court with the transcript, in our judgment it would be sufficient. Elliott, App. Proc. §179. In *Evangelical, etc., Gemeinde* v. *Koehler, supra,* where the appeal was from the court of a justice of the peace to the circuit court, and where the statute respecting notice of appeal is similar to §681, *supra,* the court said: "it must be held that either the notice of appeal must be signed by the appellant or some person authorized by him, or, not being so signed, the record must show that the notice was presented to the justice by the appellant or such authorized agent. The statute requires that it shall be *made,* as well as presented to the justice, by the appellant or his agent, and when the notice is unsigned, it does not appear that it was made by the proper person, unless it appears that such person actually presented it to the justice. The docket and the return of the justice ought to show who presented to him the notice of appeal, but in this case both are silent on the subject." The court cites in support of the foregoing, *Eaton* v. *Supervisors, etc., supra;* and *Teegarden* v. *Town of Caledonia, supra,* in each of which the fact of notice was jurisdictional, and the court in each case indicated that personal service of the notice by the party dispensed with the necessity of any signature thereto.

In the case at bar, there has been filed in this court, in the proceedings to dismiss the appeal, in support of a motion to amend the notice by signing it in this court, an affidavit showing among other things that appellants, by one of their attorneys of record, served said notice in person upon the clerk of the Clark Circuit Court, and that pursuant to such notice, the clerk prepared and certified the

transcript for appeal.   The facts stated in said affidavit are in no manner contradicted.   In *Evangelical, etc., Gemeinde* v. *Koehler, supra,* the appeal involving the notice, as has been said, was from the justice of the peace's court to the circuit court.   The supreme court of Wisconsin, in holding the notice insufficient by reason of its not being signed, and it not appearing who presented or served it, say:   ''No good reason is perceived why the circuit court may not, on proper application require the justice to amend his return by certifying who presented to him the notice of appeal.   This seems to accord with the ruling in *Lederer* v. *Chicago, etc., R. Co.* [(1875), 38 Wis. 244], in which case the officer before whom the affidavit of appeal was taken, omitted to sign the jurat, and the circuit court permitted him to sign it pending the motion to dismiss the appeal because of such omission. The practice was approved by this court.   An amended return showing who presented the notice of appeal would not change the notice, but would only furnish the evidence of a fact, extrinsic to notice, essential to the jurisdiction of the circuit court.''   In applying the doctrine of the Wisconsin case to the case at bar, in so far as it is applicable, it is well to keep in mind that with us an acknowledgment or certificate of the clerk is not the exclusive method by which proof of service of such a notice may be made.   A proper affidavit is also sufficient to that end.   While it is the general practice, and certainly a proper practice, where notice of appeal is served below, to cause the notice to appear in or to bind it with the transcript, there is no statute to that effect or requiring the notices and proofs thereof to be certified as a part of the transcript.   It would seem to be at least a permissible practice to file them as independent papers with the transcript.   There is no statute requiring that the notices and proofs thereof be filed in the court below, and it would seem that they are files of the appellate tribunal, rather than of the trial court.   Such a

holding is expressly made in a criminal case. *State* v. *Sutherlin, supra.* The proceeding then assumes the following condition: A notice of appeal was served on the clerk of the trial court by some one, but the notice was unsigned. It is attacked for no other reason than that it was unsigned. The clerk by his signed indorsement on the notice, acknowledges service and a receipt of a copy, but it does not appear from such acknowledgment who served the notice or delivered the copy. Pursuant to such notice, the clerk performed every duty that he would have performed had the notice been properly signed, in that the clerk thereupon properly prepared and certified a transcript to be used on appeal, appending thereto and binding therewith such notice and acknowledgment, which were filed with the transcript. As the matter is presented to us, we are confronted with an uncontradicted affidavit, which is also a file of this court, that appellants, by their attorney of record served such notice and delivered such copy. Under such circumstances, should we sustain the motion and dismiss the appeal? The motion is technical, but technicalities

8. must be observed when required by the well settled rules of practice. It is the policy of this court to decide causes on their merits, when they are so presented as to render it possible to do so. In our judgment, there is no established rule of practice that requires us to sustain this motion.

Motion to dismiss overruled.

NOTE.—Reported in 108 N. E. 165. See, also, under (1) 2 Cyc. 868; (2) 2 Cyc. 865; (3) 2 Cyc. 863; (4) 2 Cyc. 867, 872; (5) 2 Cyc. 875; (6) 2 Cyc. 872; (7) 3 Cyc. 99; (8) 3 Cyc. 444.